MILLER, Judge.
Defendant Performance Contractors, Ltd., a Jamaican Corporation, appeals de-volutively from a default judgment. We affirm.
On March 6, 1972 plaintiff George Swann sued Performance Contractors, Ltd. for the value of services rendered in Jamaica. According to the1"" sheriff’s return, service of process was obtained on “Gene S. Morris (rep. for Co)” in St. Landry Parish, Louisiana on March 8, 1972. Defendant made no appearance and filed no pleadings. Preliminary default was entered 16 days after service of process was obtained, and the default was confirmed approximately 10 days after the preliminary default was entered.
Defendant argues that the default judgment should be reversed because: (1) service of process was insufficient, (2) personal jurisdiction was neither alleged nor proved, and (3) there was insufficient evidence adduced to support the confirmation of the default judgment. We reject defendant’s arguments.
Plaintiff contends that the first two issues [ 1) of insufficiency of service of process, and 2) lack of jurisdiction ratione personnae] must be raised by declinatory exception which must be pled before “answer or judgment by default.” LSA-C.C. P. Arts. 925, 928. As a consequence these issues are not properly before this court for review. We agree.
LSA-R.S. 13:3471 is the statute upon which plaintiff relied for service of process. That statute provides in pertinent part:
“3471. Supplementary rules of service of process
The following rules supplement those governing the service of citation and *296 other legal process in a civil action or proceeding contained in the Code of Civil Procedure:
(1) If the foreign corporation is not one required by law to appoint an agent for the service of process, but has engaged in a business activity in this state, service of process in an action or proceeding on a cause of action resulting from such business activity in this state, or for any taxes due or other obligations arising therefrom, may be made on any employee or agent of the corporation of suitable age and discretion found in the state . .
Defendant does not contend that Gene S. Morris whom plaintiff identified by testimony at the default hearing as a director of defendant corporation, and who is described in the sheriff’s return as a “rep. for Co,” was not in fact an employee or agent of the corporation. If such were the case, defendant could file an action to declare the absolute nullity of a judgment obtained without citation and service of process, which declaration could be sought either directly, collaterally or on appeal. LSA-C.C.P. Arts. 1201, 2002. However defendant does not disavow Morris. Instead it argues that service was improper because it was neither alleged nor proved that defendant corporation engaged in a business activity in Louisiana.
The statute does not require allegations and proof that a defendant corporation has engaged in a business activity in this state as a prerequisite to proper service of process. Indeed it is difficult to envisage proof of a corporation’s having engaged in a business activity inferred solely from the self serving allegations contained in a plaintiff’s petition. The requirement that the corporation must have engaged in a business activity in this state is jurisdictional in nature. It’s unfortunate that the statute juxtaposes the dual concepts of service of process and in personam jurisdiction in the same sentence. Nevertheless a reading of the comments under LSA-R. S. 13 :3471 makes it clear that the draftsman intended 1) to provide for personal jurisdiction over nonresident corporate defendants who have engaged in a business activity in this state and thereby avail the citizenry of the benefits of the relaxed substantive due process requirements in regard to in personam jurisdiction as announced by the United States Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and 2) to provide a means by which service of process could be made which would not offend the procedural due process requirement of notice reasonably designed to apprise the corporation of a pending lawsuit.
The intent of the draftsmen is somewhat confused by the manner in which LSA-R. S. 13:3471 combines the two concepts. Had LSA-R.S. 13:3471 been drafted as LSA-R.S. 13:3201, 3204 were, wherein personal jurisdiction is provided for in the former and service of process in the latter, the intent of the draftsmen would have been much more clearly manifested.
As courts of general jurisdiction, our state courts presume that personal jurisdiction exists based on the de minimus evidence contained in the sheriff’s return. Defendant’s argument that service of process under LSA-R.S. 13:3471 is improper without attendant allegations and proof of personal jurisdiction if correct would apply to service of process under the Louisiana “long arm statute,” LSA-R.S. 13:3201, 3204. These statutes provide:
“3201. Personal jurisdiction over nonresidents
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
*297 (a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
(e) having an interest in, using, or possessing a real right or immovable property in this state. Added Acts 1964, No. 47, § 3.
“3204. Service of process
A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction.
Service of process so made has the same legal force and validity as personal service on the defendant in this state.”
The issue, personal jurisdiction resulting from corporations doing business in this state, is the same under R.S. 13:3471 or R.S. 13:3201 and 3204. If service of process is improper without attendant allegations of proof of personal jurisdiction under LSA-R.S. 13:3471, it would also be improper under LSA-R.S. 13:3201 and 3204.
A judgment obtained without personal jurisdiction over the defendant consisting of at least “minimum contacts” with the state is void notwithstanding service of process. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878); McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed. 1283 (1958).
We construe LSA-R.S. 13:3471 to require only that an agent or employee of the corporation of suitable age and discretion be served in order to effect proper service of process. The concept of personal jurisdiction as it applies to nonresident corporations is a greater concept than and subtends the concept of service of process under both LSA-R.S. 13:3471 and 3204, but is not per se required to be alleged and proved as a prerequisite to the effectuation of a proper service of process.
As an alternative basis for reversal, defendant argues that personal jurisdiction was neither alleged nor proved by plaintiff. This is one step removed from the argument that there was no personal jurisdiction, an argument that defendant does not make. If there was no personal jurisdiction, the judgment is void and plaintiff may collaterally attack the judgment when an attempt is made to execute the judgment. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878); McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed. 1283 (1958). Since defendant did not raise the issue of personal jurisdiction through the declinatory exception, it was not encumbent upon plaintiff to allege and prove jurisdiction.
We find that service of process was proper, and have no evidence pro or con the issue of lack of personal jurisdiction.
The remaining issue before us for determination is the sufficiency of proof presented on confirmation of default. We fail to find manifest error in the trial court’s acceptance of plaintiff’s proof of the oral contract by “one credible witness *298 and other corroborating circumstances.” When the suit is based on a contract for the payment of money, LSA-C.C.P. Art. 1702 and LSA-C.C. Art. 2277 must be read in pari materia to determine the degree and kind of proof required to obtain a confirmation of default. Dodd v. Schell, 207 So.2d 807 (La.App. 4 Cir.1968).
We hold that plaintiff fulfilled the requirements for sufficient proof of the obligation.
Costs to be paid by defendant-appellant.
Affirmed.