**Lon CONNOR, Plaintiff,**

v.

**Jack FARMER, President, Officer of Jack's Maintenance Contractors, Inc., et al., Defendants.**

**Civ. A. No. 77–2251.**

United States District Court,
E. D. Louisiana.

Nov. 22, 1978.

474

M. H. Gertler, New Orleans, La., for plaintiff.

Donald A. Hoffman, Peter L. Hilbert, New Orleans, La., for intervenor, Highlands Ins. Co.

Charles A. Kronlage, Jr., Edward J. Rice, Jr., New Orleans, La., for defendant Jack Farmer.

Stewart E. Niles, Jr., Warren M. Schultz, New Orleans, La., for defendants Henry Rommie, Arthur W. Stout, Jr., Joseph H. Dugan, Edwin K. Linen, John Meghrian, David Berthelot, Henry Romine.

Gary M. Zwain, Robert M. Johnston, New Orleans, La., for defendant Pulmosan Safety Equipment Corp.

Lawrence J. Ernst, New Orleans, La., for defendant Pulmosan Safety Equipment Corp.

Terry Freiberger, New Orleans, La., for defendant Minnesota Mining and Mfg. Co.

Craig R. Nelson, New Orleans, La., for defendant Clemco Industries.

James L. Donovan, New Orleans, La., for defendant Transamerica Ins. Co.

Bruce J. Borrello, New Orleans, La., for defendant Empire Abrasive Equipment Corp.

W. Marvin Hall, Lafayette, La., for defendant E. D. Bullard Co., Inc.

CASSIBRY, District Judge:

In this action for damages resulting from the disease silicosis, the plaintiff is suing, among others, the three nonresident defendants Stout, Linen and Dugan, executive officers of one of his employers Todd Shipyards, Inc., for alleged failure to provide him with a safe place to work during his employment with Todd from 1965 to 1968.

The defendants contend that they had no connection with the Todd facility in Louisiana where plaintiff was employed except as representatives of the corporation and that this circumstance makes their activities in connection with the Todd facility insufficient to subject them to personal jurisdiction in this state. They urge that the attempt to assert personal jurisdiction over the nonresident defendant violates their right to due process of law under *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 164, 90 L.Ed. 95 (1945); *McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

The plaintiff contends that he has carried the burden of demonstrating that the defendants come within sections (b), (c) and (d) of Louisiana's Long-arm Statute, L.R.S. 13:3201:

A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's

\* \* \* \* \* \*

(b) contracting to supply services or things in this state;

(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;

(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state \* \*

The plaintiff argues that defendants come within section (b) of the statute because they contracted with Todd to supply their services as executive officers within Louisiana, and among the services the defendants agreed to render was the safe operation of all plants for the benefit of Todd's employees. The weakness of plaintiff's position as to this section is that he has provided the court only with argument, and has not substantiated his argument

with the employment contracts so that the court could make a determination as to whether this cause of action arose out of the defendants' "contracting to supply services * * * in this state". The burden of proving the issues of jurisdiction under Louisiana law rests upon the plaintiff. *Swann v. Performance Contractors, Ltd.,* 271 So.2d 294 (La.App. 3d Cir. 1973).

■ Plaintiff urges that the defendant Linen comes within section (c) because his answers to interrogatories reveal that he made several visits to the New Orleans plant during the period of plaintiff's employment and therefore knew, or should have known, of the hazard to plaintiff's health. An examination of the answers to interrogatories does not sustain plaintiff's argument. In response to interrogatories regarding Linen's personal visits to Todd's facilities in Louisiana, he answered:

> The most recent visit was in March, 1969; during the thirty (30) year period prior to March, 1969, approximately six other business trips were made to the New Orleans Division.

This answer does not establish that the defendant Linen was in Louisiana during the alleged period of plaintiff's employment —1965 to 1968, and thus plaintiff has failed to fulfill his burden of showing that defendant Linen could have committed an omission in this state within the contemplation of section (c) during the period of plaintiff's employment with Todd.

To bring the defendants within the personal jurisdiction of this court under section (d), the plaintiff contends that the defendants' answers to interrogatories reveal that in directing the operation of the Todd plant in Louisiana, they engaged in a "persistent course of conduct" within the state in the contemplation of section (d), and caused injury in this state by omitting outside of this state to provide the plaintiff with a safe place to work.

The answers to interrogatories reveal that only the defendant Stout can be regarded as engaging in a persistent course of conduct in this state. Plaintiff's interrogatories Nos. 5, 6 and 7 are pertinent to the consideration of this issue:

*INTERROGATORY NO. 5*

Do you or does someone acting on your behalf maintain regular correspondence by mail, telegraph, telex or other means with the management personnel of your company's Louisiana facilities? State the frequency of any such communication.

*INTERROGATORY NO. 6*

Do you or does someone acting on your behalf maintain contact with the management personnel of your company's Louisiana facilities by telephone?

*INTERROGATORY NO. 7*

Is there someone on your staff who visits or has visited the Louisiana facilities and subsequently reports or has reported to you? If so, please state:

    a. The name and title of this individual;

    b. The dates or frequency of his visits;

    c. The purpose of his visits; and

    d. The nature or subject matter of his reports to you.

The interrogatories were answered by the three defendants as follows:

*Stout*

*ANSWER TO INTERROGATORY NO. 5:*

Yes. Such contact is regularly maintained by telephone, TWX, mail, or other means, with the General Manager of Todd's New Orleans Division, several times a week.

*ANSWER TO INTERROGATORY NO. 6:*

Yes. Such contact is maintained with the General Manager of Todd's New Orleans Division.

*ANSWER TO INTERROGATORY NO. 7:*

No.

*Dugan*

*ANSWER TO INTERROGATORY NO. 5:*

No. Correspondence is maintained by mail or TWX with the General Manager of Todd's New Orleans Division, but no regular correspondence is maintained,

and it is impossible to state the frequency of the irregular correspondence already described.

*ANSWER TO INTERROGATORY NO. 6:*

Yes. Infrequent contact is maintained with the General Manager of Todd's New Orleans Division.

*ANSWER TO INTERROGATORY NO. 7:*

Yes.

a. Mr. Van Dalen, Vice President and Comptroller, and Mr. Baranowicz, Manager, Internal Auditing.

b. Mr. Van Dalen's visits were on April 21, 1977, and September 12, 1977. Mr. Baranowicz' visits were on January 4–23, 1976 and December 5–23, 1976.

c. During Mr. Van Dalen's first visit, he discussed with the General Manager and Accounting Officer the closing of accounts for the fiscal year, and during his second visit he discussed with the General Manager and Accounting Officer a retirement plan for nonbargaining employees. Both visits by Mr. Baranowicz were for the purpose of reviewing recorded transactions, procedures, and internal controls.

d. All of the reports were of a general explanatory nature.

*Linen*

*ANSWER TO INTERROGATORY NO. 5:*

Except for the distribution of copies of (1) the Company's annual and quarterly reports to stockholders and (2) news releases concerning the same matters, no regular communication with the New Orleans Division is maintained by the defendant or on his behalf.

*ANSWER TO INTERROGATORY NO. 6:*

No.

*ANSWER TO INTERROGATORY NO. 7:*

No.

■ The argument of defendants that the conduct of a corporate representative can only be regarded as conduct of the corporation, as distinguished from conduct in his individual capacity is not sound. The acts of a corporate representative in transacting the corporation's business, or doing the business of the corporation, cannot be regarded as transacting the corporate representative's business or doing his business. *Wilshire Oil Co. v. Riffe*, 409 F.2d 1277 (10th Cir. 1969); *Path Instruments International Corp. v. Asahi Optical Co.*, 312 F.Supp. 805 (S.D.N.Y.1970). But the conduct of a corporate representative is his own as well as that of the corporation. To hold otherwise would be contrary to the decision in *Simmons v. Travelers Insurance Company*, 295 So.2d 550 (La.App. 3d Cir. 1974) rejecting the contention that the presence of a defendant in this state in a representative capacity on behalf of his employer precluded his being subject to personal jurisdiction in this state under section (c) of the long-arm statute. It is clear from that decision that the acts or omissions of a corporate representative's conduct will be regarded as his own personal conduct. I conclude, therefore, that defendant Stout is subject to personal jurisdiction in this state under section (d) of the Louisiana Long-arm Statute, but defendants Dugan and Linen are not.

■ The motion to dismiss for insufficiency of service of process is made only by the defendant Stout. The defendant refused the certified mailing by plaintiff of the citation and petition made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Section 13:3204 of the Louisiana Revised Statutes. The defendant recognizes that the Louisiana Court of Appeal, First Circuit, in *Thomas Organ Co. v. Universal Music Co.*, 261 So.2d 323 (1972) held that refusal to accept the certified or registered mail sent by the attorney for the plaintiff to the defendant was ineffective to defeat the sufficiency of service of process. He urges that this court should not accept his case as the law of Louisiana because

1. The Supreme Court of Louisiana has not decided this issue;

2. The Supreme Court of Louisiana, if faced with the question, would reach the opposite result.

I regard the *Thomas Organ* case as stating the law of Louisiana at this time and will follow it. The motion to dismiss for insufficiency of service of process is therefore denied.