Margerie SWANIGAN, Personal Representative of the Estate of Kenneth Akins; Margerie Swanigan, individually, Plaintiff,

v.

AMADEO ROSSI, S.A., Defendant.

No. 85–CV–2592–DT.

United States District Court,
E.D. Michigan, S.D.

Sept. 13, 1985.

Samuel A. Meklir, Southfield, Mich., for plaintiff.

R. Craig Harrison, Helm, Schumann & Miller, Detroit, Mich., Timothy Atwood, Marsh, Day & Calhoun, Bridgeport, Conn., for defendant.

## ORDER

COHN, District Judge.

For the reasons stated on the record of the hearing on September 12, 1985, and for the following reasons, defendant Amadeo Rossi's Motion to Dismiss is DENIED, and plaintiff's Motion to Add Defendant and Remand to State Court is DENIED.

### I.

■ This is a products liability case principally involving claims of breach of warranties and defective design of a handgun. Plaintiff's decedent was killed when a handgun manufactured by defendant Amadeo Rossi, S.A. accidentally discharged

while he was playing. The case was initially filed in Wayne County Circuit Court with the owner of the handgun, Eddie Robinson, named as a defendant. Robinson was dismissed as a consequence of plaintiff's failing to file a proof of service. Defendant Amadeo Rossi then removed the case to this Court where it renewed its motion to dismiss for lack of jurisdiction previously denied by the Wayne County Circuit Court and affirmed by the Michigan Court of Appeals. On July 15, 1985, the Court deferred deciding the motion to dismiss to allow plaintiff an opportunity to take discovery on the jurisdictional issue and denied plaintiff's first motion to remand without prejudice. This Court may consider the motion to dismiss notwithstanding the prior state court rulings. *Hiram Remington v. Central Pacific R.R. Co.*, 198 U.S. 95, 25 S.Ct. 577, 49 L.Ed. 959 (1904); *Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38 (2d Cir.1980). Defendant Amadeo Rossi's handguns are sold in Michigan. This is a sufficient basis for the asserted personal jurisdiction. *Miller v. G.H. Mumm & Cie*, Civ. No. 82–72046 (Memorandum and Order) (E.D.Mich. Feb. 7, 1984); *Poyner v. Erma Werke GMBH*, 618 F.2d 1186 (6th Cir.1980).

## II.

 Plaintiff has now moved to add Robinson as a party on the grounds that his presence is necessary to a determination of this case. If Robinson is added, plaintiff then moves to remand on the grounds that there will no longer be complete diversity. The only circumstance that would allow for adding Robinson under Fed.R.Civ.P. 19 would be if he were indispensable, in which event it would be necessary to remand the case to state court. *See In re Merrimack v. Mutual Fire Ins. Co.*, 587 F.2d 642 (5th Cir.1978); *Harleysville Mut. Ins. Co. v. Nationwide Mut. Ins.*, 605 F.Supp. 133 (W.D.Va.1985); *Render by Render v. Consolidated Rail Co.*, 585 F.Supp. 630 (N.D. Ill.1984). Robinson is certainly neither an indispensable party or even a necessary party. The allegations of negligence against defendant Amadeo Rossi do not

implicate him. A complete resolution can be reached between plaintiff and Amadeo Rossi without Robinson. At most, Robinson is a proper party.

 The propriety of removal is determined at the time of removal. *Holloway v. Pacific Indemnity Co.*, 422 F.Supp. 1036 (E.D.Mich.1976). Here at the time the action was removed Robinson had been dismissed as a party for some eleven days. Indeed it was plaintiff's filing of an "At Issue Præcipe" in the Wayne County Circuit Court which triggered removal. To add Robinson now would destroy this Court's jurisdiction. This would be improper. *Boyd v. Diebold, Inc.*, 97 F.R.D. 720 (E.D.Mich.1983). Furthermore, even if plaintiff had sought to add Robinson under the permissive joinder provisions of Fed.R. Civ.P. 20, its motion would still be denied. Permissive joinder rests with the sound discretion of the court and will be denied where the apparent intent of the moving party is to destroy the court's jurisdiction. *Boyd v. Diebold, Inc., supra.*