**J.B. TINDLE, D/B/A J.B. Tindle Distributors**

v.

**Bill LEDBETTER, D/B/A J.B. Quality Wholesale.**

Civ. A. No. 85–869–B.

United States District Court, M.D. Louisiana,

Jan. 8, 1986.

Larry G. Starns, Denham Springs, La., for plaintiffs.

Kelly Mangum, Rubin, Curry, Colvin & Joseph, Baton Rouge, La., for Justice Bros. Distributing Co., and Edward R. Justice, Sr.

Jerry L. Finley, Denham Springs, La., for Bill Ledbetter.

POLOZOLA, District Judge.

This matter is before the court on the motion of Bill Ledbetter to remand this suit to state court. No oral argument is required on this motion.

Ledbetter was the Louisiana distributor for Justice Brothers Distributing Co., Inc., until January 18, 1985, when his distribution contract was terminated. J.D. Tindle was then awarded the new Justice distribution contract. Thereafter, Ledbetter allegedly continued to hold himself out as the Justice distributor. Tindle filed this suit in the Twenty-first Judicial District Court for the Parish of Livingston, Louisiana, to enjoin Ledbetter from interfering in Tindle's business.

Ledbetter then filed an answer and reconventional demand, which is the Louisiana procedural equivalent to a counterclaim.[1] In the counterclaim against Tindle, Ledbetter seeks the following relief: (1) monetary damages for the use by Tindle of parts racks allegedly owned by Ledbetter;

---

1. *See* Louisiana Code of Civil Procedure article 1061.

(2) an injunction against Tindle and his agents preventing them from using the parts racks; (3) dissolution of the preliminary injunction obtained by Tindle and damages for wrongful issuance of the injunction; and (4) the balance due on a loan made by Tindle to Ledbetter.

Ledbetter also has asserted a claim against Tindle and three additional defendants, Justice Brothers Distributing Co., Inc., Edward R. Justice, Sr., and Edward R. Justice, Jr. ("Justices"), under the Louisiana anti-monopoly act[2] for treble damages and attorney's fees. The Justices removed the suit to this court.[3] The Justices' assert two reasons for removal under 28 U.S.C. § 1441(c): (1) the claims against the Justices were separate and independent from the claims asserted against Tindle; and, (2) the antitrust claims were brought under federal law and were separate and independent from the principal claim of the plaintiff against Ledbetter.

Ledbetter has now moved to remand this suit to state court. He contends that the claims against the Justices are not separate and independent claims and that there is no other basis for removal because a federal claim has not been asserted and there is no complete diversity of citizenship. For reasons which follow, the court finds that this action was improvidently removed and should be remanded to state court.

Although the Justices contend that Ledbetter's claim in his "third party demand" against them is separate and independent from his claim against Tindle, the Justices are not third party defendants.[4] The Justices were joined as defendants in recon-vention under article 1064 of the Louisiana Code of Civil Procedure, which is the Louisiana procedural equivalent of Rule 13(h) of the Federal Rules of Civil Procedure. Thus, the Justices must be considered as additional defendants in counterclaim and not as third party defendants.

Since the Justices are counterclaim defendants, they cannot remove this suit to federal court. In *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), the Supreme Court held that only a true defendant, and not a counterclaim defendant, could remove a suit to federal court.[5] The United States Supreme Court noted in *Shamrock* that the removal statute must be strictly construed so as to restrict the jurisdiction of the federal courts on removal. Furthermore, the Supreme Court has recently reaffirmed the rule that removal jurisdiction must be based on the facts alleged in the *plaintiff's complaint*. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983).

Even if a suit could be removed by counterclaim defendants, the claims against the Justices are not separate and independent from the claims against Tindle. In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court held that there is no separate and independent claim or cause of action permitting removal under § 1441(c) "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." *Finn*, 341 U.S. at 14, 71 S.Ct. at 540. If joint

---

**2.** Louisiana R.S. 51:121–152.

**3.** The court questions whether removal was timely in view of decisions interpreting the Louisiana Long Arm statute, R.S. 13:3204, which provide that service of process is effective upon mailing, not delivery. *See Connor v. Farmer*, 80 F.R.D. 472, 476–77 (E.D.La.1978); *Thomas Organ Co. v. Universal Music Co.*, 261 So.2d 323, 327 (La.App. 1st Cir.1972). Because of the court's decision to remand on other grounds, it is unnecessary to decide this issue.

**4.** The Fifth Circuit Court of Appeals has held that a third party defendant may remove a sepa-rate and independent claim. *Marsh Investment Corp. v. Langford*, 652 F.2d 583 (5th Cir.1981); *Carl Heck Engineers v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir.1980). The continuing validity of these decisions is questionable in light of the Supreme Court's decision in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420, discussed *infra*.

**5.** *See also Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir.1975) *affd.*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977); *Nolan v. Otis Elevator Co.*, 560 F.Supp. 119, 122 (D.C.N.J. 1982).

liability is alleged, the transactions are interlocked and the idea of a separate and independent claim is negated. *Pullman Co. v. Jenkins*, 305 U.S. 534, 538, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939); *Bentley v. Halliburton Oil Well Cementing Co.*, 174 F.2d 788, 793 (5th Cir.1949).

In this case, Ledbetter has alleged that Tindle and the Justices are jointly liable under Louisiana R.S. 51:137 because they conspired together to restrain trade and commerce in this state.[6] Ledbetter's reconventional demand against Tindle and the Justices involve the same facts, and the relief sought against the Justices and Tindle for the alleged antitrust violations is the same. Thus, it cannot be said that the claim against the Justices is a separate and independent claim for relief as required by § 1441(c).

The Justices also contend that the antitrust claims asserted against them are separate and independent from the plaintiff's claim against the original defendant. As noted above, removal cannot be based on the allegations contained in a counterclaim. Furthermore, there is no basis for jurisdiction on removal because no claim under federal law has been asserted[7] and there is no complete diversity between Ledbetter and the defendants in counterclaim.

In summary, the court finds that this case was improvidently removed. There is nothing alleged in the complaint over which this court could have had original jurisdiction. Furthermore, the allegations of the counterclaim cannot provide a basis for removal. Finally, the allegations against the Justices in the counterclaim are so interwoven with the claims against Tindle that

there clearly is not a removable claim under § 1441(c). Because of the court's decision to remand this action, the court has not decided any of the other pending motions. These motions should be considered by the state district judge.

Therefore:

IT IS ORDERED that the motion of Bill Ledbetter to remand be and it is hereby GRANTED.

Judgment shall be entered remanding this case to the Twenty-first Judicial District Court, for the Parish of Livingston, State of Louisiana.

---

**6.** Paragraphs V through VII of Ledbetter's Answer and Reconventional Demand.

**7.** The Justices allege that Ledbetter has asserted federal antitrust claims against them. In their briefs, the Justices continually refer to Ledbetter's allegations of their violations of "state and federal antitrust laws." However, nowhere in the counterclaim does Ledbetter use that phrase. The only statute to which he refers and under which he seeks damages against the Justices is Louisiana R.S. 51:137. It is clear that Ledbetter chose not to assert a federal claim in his state court suit.

Even if a federal antitrust claim had been asserted, it would not have been a basis for a valid removal. A state court has no jurisdiction over federal anti-trust violations because exclusive jurisdiction for those matters rests with the federal court. Thus, this court could not acquire jurisdiction over these claims by removal. *General Inv. Co. v. Lake Shore & Mich. S. Ry.*, 260 U.S. 261, 287–88, 43 S.Ct. 106, 117, 67 L.Ed. 244 (1922); *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922).