**GENERAL MOTORS CORPORATION**

v.

**Philip GUNN.**

**No. WC89–139–B–O.**

United States District Court,
N.D. Mississippi, W.D.

Nov. 9, 1990.

Andrew N. Alexander, III, Charles S. Tindall, III, Greenville, Miss., for plaintiff.

William M. Dakehite, Jr., Jackson, Miss., S. Allan Alexander, Oxford, Miss., for defendant.

### MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court on the motion to remand filed by Philip Gunn and a motion to dismiss Bill of Discovery and realign the parties filed by General Motors Corporation [General Motors]. This cause was initiated in the Chancery Court of Lafayette County, Mississippi by General Motors' filing of a Bill of Discovery to preserve evidence.

Following an automobile accident in which Gunn's family members were killed and during a criminal investigation of the driver who rear-ended the Gunn vehicle, Gunn filed a complaint in the Circuit Court of Lafayette County against the district attorney and chief of police seeking production of an investigative report and photographs on the ground that

> [Gunn] has a reasonable belief that he may have a tort claim ... against General Motors, the manufacturer of the vehicle occupied by the Gunn family, for

defective design or manufacture of the Gunn family automobile.

Gunn's complaint further alleged

the Gunn family automobile is in storage, but it is exposed to the elements and is subject to deterioration and loss of evidence on the product liability question.

Having learned of Gunn's complaint, General Motors moved to intervene for immediate access to inspect the Gunn vehicle and an order directing Gunn to protect it or allow General Motors to do so. Gunn dismissed the action upon the defendants' voluntary production before a ruling on General Motors' motion to intervene. General Motors then filed an action in circuit court seeking the same relief but, upon the filing of Gunn's motion to dismiss, General Motors filed its Bill of Discovery. The Bill of Discovery quotes the above-stated allegations in Gunn's complaint and seeks leave of court to inspect the vehicle and to protect it if necessary in order to prepare a defense in the event of a products liability action against General Motors. Gunn filed an answer and counterclaim for the wrongful death of his family members arising out of the above-referenced accident seeking actual and punitive damages. The counterclaim alleges defective design and manufacture of the Gunn vehicle.

General Motors filed a petition for removal alleging diversity jurisdiction on the basis of Gunn's counterclaim and subsequently moved to dismiss its Bill of Discovery and to realign the parties on the ground that Gunn's counterclaim provides a procedural basis for discovery and thus renders the Bill of Discovery moot. Gunn correctly asserts that the court must determine the jurisdictional issue raised in his motion to remand before ruling on General Motors' motion.

Gunn moves to remand on the ground that General Motors is the plaintiff in this action and has no statutory right to remove under 28 U.S.C. § 1441.

Section 1441(a) provides in pertinent part;

any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants....

The Supreme Court held that the right to remove an action to federal court is "a right which can only be conferred by Act of Congress" and that Congress intended to narrow removal jurisdiction by limiting the right of removal to defendants who have not availed themselves of the jurisdiction of state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106–108, 61 S.Ct. 868, 871–872, 85 L.Ed. 1214 (1941) (cited in *Chicago, Rock Island & Pac. RR Co. v. Stude*, 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954) (state procedure "cannot control the privilege of removal granted by the federal statute," 28 U.S.C. § 1441(a)); *Southland Corp. v. Estridge*, 456 F.Supp. 1296, 1298–1300 (C.D.Cal.1978). The rationale is that the plaintiff who brings a federally cognizable action in state court was free to choose his forum and selected the state forum. *Id.* 313 U.S. at 106 n. 2, 61 S.Ct. at 871 n. 2; *Southland Corp. v. Estridge*, 456 F.Supp. at 1301. It is well-settled that "the parties' status for purposes of removal is not affected by any affirmative defenses or counter-pleadings." *Estate of Spragins v. Citizens Nat'l Bank of Evansville*, 563 F.Supp. 424, 426 (N.D. Miss.1983) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. at 106–107, 61 S.Ct. at 871–872).

■ As the removing party, General Motors has the burden of establishing that removal is proper. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989) ("The removing party bears the burden of establishing federal jurisdiction.") (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981)). General Motors does not challenge the general rules of law but asserts that Gunn is the actual plaintiff by virtue of his products liability counterclaim. Gunn asserts that the question is whether the filing of the Bill of Discovery, independent of the counterclaim, places General Motors in the posture of the plaintiff for purposes of the federal removal statutes.

■ The status of the parties in this action is the threshold issue before the

court. At the time General Motors filed its Bill of Discovery, such a pleading had been designated a "complaint" under Mississippi procedural law. *State Oil & Gas Board v. McGowan,* 542 So.2d 244, 249 (Miss.1989). However, federal law determines which party is the defendant for purposes of removal. *Chicago, Rock Island & Pac. RR Co. v. Stude,* 346 U.S. at 579–80, 74 S.Ct. at 294–295. The Supreme Court established a "functional test" for determining the parties' status:

> The plaintiff, Justice Holmes stated, is the party whose intent to achieve a particular result, such as the recovery of property or money, is the "mainspring of the proceedings," and who is responsible for the continued existence of the action. The party opposing or resisting the plaintiff's claim is the defendant, who may remove.

*Estate of Spragins v. Citizens Nat'l Bank of Evansville,* 563 F.Supp. at 425–26 (quoting *Mason City & Fort Dodge RR Co. v. Boynton,* 204 U.S. 570, 579–80, 27 S.Ct. 321, 323–324, 51 L.Ed. 629, 633–34 (1907)). *Mason City* involved a landowner's removal of a condemnation proceeding pursuant to a state statute that designated the landowner as the plaintiff. The Supreme Court held that the landowner, rather than the condemnor, was the defendant for removal purposes under the following rationale:

> The intent of the railroad to get the land is the mainspring of the proceedings from beginning to end.... Therefore, in a broad sense, the railroad is the plaintiff, as the institution and continuance of the proceedings depend upon its will.

204 U.S. at 580, 27 S.Ct. at 324, 51 L.Ed. at 634. *See Chicago, Rock Island & Pac. RR Co. v. Stude,* 346 U.S. at 580, 74 S.Ct. at 294 ("the railroad [in a condemnation proceeding] is the plaintiff under 28 U.S.C. § 1441(a) and cannot remove").

Applying the *Mason City* functional test, this court held that the filing of a contested claim in probate in response to an estate's notice to creditors placed the claimant in

the posture of the plaintiff. *Estate of Spragins v. Citizens Nat'l Bank of Evansville,* 563 F.Supp. at 428. The court reasoned:

> the Bank is the party seeking to enforce its alleged contractual rights against the Estate, which is the party resisting or defending the claim ...

*Id.* A party which brought a declaratory judgment action was deemed to be the defendant for removal purposes under the same rationale. *Int'l Tin Council [ITC] v. Amalgamet Inc,* 645 F.Supp. 879, 882 (S.D. N.Y.1986). The complaint filed by ITC sought a declaratory judgment as to the nonexistence of an arbitration agreement and ITC's immunity under federal common law. ITC further requested an order staying arbitration proceedings instituted by Amalgamet Inc., the removing party. The court addressed the status of the parties before determining whether ITC's immunity claim invoked federal question jurisdiction. *Id.* at 881 (federal question jurisdiction is determined from the plaintiff's claim). The court held that ITC was the defendant for removal purposes since it challenged the existence of an arbitration agreement:

> A party who is merely opposing rather than instituting a claim should be treated as a defendant for removal purposes. Because ITC presses this claim not to effect its own ends, but rather to avoid claims made upon it, and because the "mainspring" of these proceedings is Amalgamet's institution of arbitration proceedings of contested validity, ITC, although nominally a plaintiff, should be deemed a defendant for removal purposes.

*Id.* at 882 (citing *Columbia Gas & Elec. Corp. v. American Fuel & Power Co.,* 322 U.S. 379, 64 S.Ct. 1068, 88 L.Ed. 1337 (1944)).[1] Gunn argues that *Columbia Gas & Elec. Corp.* is not applicable to a removal since it involved the identity of the "complainant" under a statute granting the right to appeal a suit in equity, Section 2 of

1. The court further held that an immunity claim constitutes a federal defense which cannot support federal question jurisdiction. *Id.* at 882–83.

**732**

the Expediting Act, 15 U.S.C. § 29. However, the court in *Estate of Spragins*, cited in Gunn's memorandum, similarly relied on the rationale in *Columbia Gas & Elec. Corp.* in applying the *Mason City* functional test. 563 F.Supp. at 426, 428.

 Gunn argues that General Motors' "intent to achieve a particular result"—the substantive relief of gaining access to or possession of the Gunns' vehicle—is the "mainspring of the proceedings" and that General Motors' Bill of Discovery initiated a new adversarial action in which Gunn is resisting General Motors' claims of right of access to and custody of the Gunn vehicle. Originally, the bill of discovery in Mississippi equity practice was ancillary to a pending or expected suit at law, since discovery was the sole object, and remains a viable discovery device. *State Oil & Gas Board v. McGowan*, 542 So.2d at 248–49. Its federal counterparts are a petition under Rule 27(a) of the Federal Rules of Civil Procedure and an action to perpetuate testimony recognized under Rule 27(c). Rule 27(a) creates a "separate ancillary or auxiliary proceeding" to perpetuate testimony or inspect documents and things for use in an expected action cognizable in federal court. *Shore v. Acands, Inc.*, 644 F.2d 386, 389 (5th Cir.1981); 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2071, at 332 (1970). A Rule 27(a) petition is not a separate action in the usual sense and thus does not require an independent basis of federal jurisdiction. *Dresser Industries, Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir.1979), *cert. denied,* 444 U.S. 1044, 100 S.Ct. 731, 62 L.Ed.2d 730 (1980); 8 C. Wright & A. Miller, *supra,* § 2072, at 334. A Rule 27(c) action is "in substance the former bill in equity to perpetuate testimony" "material in the determination of the matter in controversy" in a pending or an expected action. *Arizona v. California*, 292 U.S. 341, 347–48, 54 S.Ct. 735, 737–738, 78 L.Ed. 1298 (1934); *Shore v. Acands, Inc.*, 644 F.2d at 389.

It is clear that General Motors' Bill of Discovery, like a Rule 27(a) petition and Rule 27(c) perpetuation, was filed for the limited purpose of obtaining or preserving evidence for use in a separate action. The bill was filed in response to the threat of a products liability action alleged in a complaint previously filed by Gunn. The court finds that Gunn's counterclaim, which is the action expected to be brought by Gunn at the time General Motors filed its Bill of Discovery, is the "mainspring" of this cause. Therefore, General Motors should be deemed the defendant for removal purposes. General Motors' Bill of Discovery was not intended to expedite or cause the institution of Gunn's action but to conduct discovery otherwise unavailable until the expected action was filed. The court finds that in filing its bill in state court, General Motors should not be deemed to have selected a forum for purposes of Gunn's action. For the foregoing reasons, the court finds that the removal was proper and that the motion to remand should be denied.

Accordingly, the court finds that the Bill of Discovery should be dismissed as moot and that the parties should be realigned.

An order will issue accordingly.