Gary SCOTT, Plaintiff,

v.

COMMUNICATIONS SERVICES, INC., and Metromedia Company, Defendants.

Civ.A. No. H–90–2502.

United States District Court, S.D. Texas, Houston Division.

April 5, 1991.

Charles E. Johanson, Austin, Tex., for plaintiff.

Philip P. Sudan, Jr., Houston, Tex., for defendants.

## OPINION ON REMAND

HUGHES, District Judge.

After the corporate plaintiff-counterdefendant sued non-diverse defendants in state court, the defendants counterclaimed. Then the corporate plaintiff-counterdefendant merged into an out-of-state corporation, effectively moving it to a different state. After becoming diverse, the corporate plaintiff-counterdefendant dismissed its claims and removed the counterclaim to federal court, on the apparent diversity jurisdiction. Despite the after-acquired diversity, removal was improper because the corporate plaintiff-counterdefendant was not properly characterized as a defendant for purposes of removal, the parties were not diverse when the suit was commenced in state court, and the removal was not timely.

1. *Background.*

Metromedia Long Distance (MLD) sued Gary Scott, Lyn Hawthorne, and two other defendants in the 2nd 9th District Court of Texas, Montgomery County in October 1989 (89–10–04736), seeking a declaration that MLD owes no duty of indemnification to Scott or Hawthorne for the judgment against them in *Hughes, et al. v. Noble* in the 150th District Court of Texas, Bexar County (84–CI–02090). All parties in the Montgomery County action were Texans. On December 12, Scott filed counterclaims against MLD and Metromedia Company, a partnership with no Texas partners, for breach of contract, breach of fiduciary duties, fraud, rescission of a 1983 stock sale, and wrongful discharge. MLD then amended its petition, dropping the other two defendants.

The state court granted Scott's motion to transfer the case to Bexar County on June 25, 1990, but before the order was signed, MLD merged into Communications Services, Inc. (CSI), a Delaware corporation with its principal place of business in New York, on July 2. On July 23, CSI voluntarily

dismissed its claims against Scott and Hawthorne and filed an identical suit in the United States District Court for the Western District of Texas. At this point, all that survived in the 2nd 9th District Court were Scott's counterclaims against CSI and Metromedia Company, and the parties were diverse. CSI removed the counterclaims to this court on August 6, on diversity.

Scott has moved to remand the case. There are no facts in dispute. The parties were not diverse when MLD (now CSI) originally sued Scott and Hawthorne in state court; the case could not have been filed in federal court. MLD merged into CSI after MLD commenced the suit. After the merger, the plaintiffs and defendants were diverse. CSI removed the case within 30 days of MLD's merger into it, but not within 30 days of the filing of MLD's counterclaim.

The court will remand the case because it lacks subject matter jurisdiction over the claims, for three reasons: 1) CSI is not a defendant within the removal statutes, so it may not remove the case, nor did it become a defendant for purposes of removal by becoming a counterdefendant in Scott's counterclaim; 2) diversity did not exist when MLD commenced suit in state court, and the existence of diversity at removal does not cure that jurisdictional defect; and 3) CSI did not remove the case within 30 days of the filing of Scott's counterclaim.

2. *Removal is a statutory right.*

28 U.S.C. § 1441(a) creates the right of removal:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants,* to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

CSI claims that it may now remove the case under 28 U.S.C. § 1446(b) because it became removable when MLD merged with CSI and effectively changed its states of citizenship from Texas to Delaware and New York:

"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...."

■ The party seeking to remove the case has the burden of establishing its right to remove, and a close question is to be resolved in favor of remand. *Pullman Co. v. Jenkins,* 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939); *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Laughlin v. Prudential Insurance Co.,* 882 F.2d 187, 190 (5th Cir. 1989); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988); *Higgins v. Pittsburgh–Des Moines Co.,* 635 F.Supp. 1182, 1184 (S.D.Tex.1986); *Ezon v. Cornwall Equities, Ltd.,* 540 F.Supp. 885, 889 (S.D.Tex. 1982); *Albonetti v. GAF Corporation— Chemical Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981). CSI has failed to establish that this court has subject matter jurisdiction over the case.

3. *CSI is not a defendant for removal.*

■ Federal law, not state law, determines who is the plaintiff and who is the defendant when a party seeks to remove a case. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941); *Chicago R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 780, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954); *In re Southwestern Bell Telephone Co.,* 535 F.2d 859, 861 (5th Cir.1976); *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir.1974); *Estate of Spragins v. Citizens National Bank of Evansville,* 563 F.Supp. 424, 426 (N.D.Miss.1983); *Carlton v. Withers,* 609 F.Supp. 146, 148– 49 (M.D.La.1985).

■ Only the defendant can remove a case. From 1875 to 1887, the removal stat-

ute allowed any party to remove to federal court, but since the 1887 amendments to the removal statute that narrowed the right of removal, the right of removal has belonged solely to the defendant. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 871–72, 85 L.Ed. 1214 (1941); *West v. Aurora City,* 6 Wall. 139, 18 L.Ed. 819 (1867); *American International Underwriters, Inc. v. Continental Ins. Co.,* 843 F.2d 1253 (9th Cir.1988); *Estate of Spragins v. Citizens National Bank of Evansville,* 563 F.Supp. 424, 425 (N.D.Miss.1983); *Carlton v. Withers,* 609 F.Supp. 146, 148–49 (M.D.La.1985); *Coogan v. DeBoer Properties Corp.,* 354 F.Supp. 1058, 1059 (S.D.Tex.1973); *Smith v. St. Luke's Hospital,* 480 F.Supp. 58, 60 (D.S.D.1979); Moore's Federal Practice 2d ¶ 0.157[7], n. 8, pp. 263–64.

■ The purpose of restricting the right of removal to the defendant is to restrict removal to the party who had no choice in selection of the forum, generally the defendant. The fact that MLD had no choice in its selection of forum at commencement, because it was not diverse from Scott, et al., does not militate in favor of it being given the opportunity to exercise choice once the choice becomes available.

CSI does not become a defendant under § 1441(a) when a defendant files a counterclaim against it. A few old cases hold that the plaintiff can remove a case as counterdefendant, because when the defendant files the counterclaim, the plaintiff becomes a defendant for the counterclaim. *Chambers v. Skelly Oil Co.,* 87 F.2d 853, 854 (10th Cir.1937) (diversity); *Bankers Security Corp. v. Insurance Equities Corp.,* 85 F.2d 856, 857 (3rd Cir.1936) (diversity); *O'Neill Brothers, Inc. v. Crowley,* 24 F.Supp. 705, 708 (W.D. S.C.1938) (diversity); *City National Bank v. Wichita Royalty Co.,* 18 F.Supp. 609, 610 (N.D.Tex. 1937), *rev'd on other grounds,* 95 F.2d 671 (5th Cir.1938), *aff'd on other grounds,* 306 U.S. 103, 59 S.Ct. 420, 83 L.Ed. 515 (1939) (federal question); *American Fruit Growers v. LaRoche,* 39 F.2d 243, 244 (E.D.S.C. 1928).

No court since 1938, however, has held that the plaintiff may remove a case as counterdefendant, and the well-established rule is that the plaintiff, who chose the forum, is bound by that choice, and may not remove the case. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Tindle v. Ledbetter,* 627 F.Supp. 406, 407 (M.D.La.1986); *Estate of Spragins v. Citizens National Bank of Evansville,* 563 F.Supp. 424, 426 (N.D.Miss.1983); *Southland Corp. v. Estridge,* 456 F.Supp. 1296, 1298, 1300–01 (C.D.Cal.1978); *Ford Motor Credit Co. v. Liles,* 399 F.Supp. 1282, 1284 (W.D.Okl.1975); *Coditron Corp. v. AFA Protective Systems, Inc.,* 392 F.Supp. 158, 161 (S.D.N.Y.1975); *Mohawk Rubber Co. v. Terrell,* 13 F.2d 266, 266 (W.D.Mo.1926). CSI's removal was improper because it chose, as MLD, to sue Scott and Hawthorne in state court, and Scott's counterclaim did not transform it into a defendant for removal.

4. *The parties were not diverse at commencement.*

Even if CSI was able to remove the case as the plaintfiff-counterdefendant, it could do so only if it and the defendants were diverse both when MLD commenced the suit in state court *and* when CSI removed the case to this court. *Kinney v. Columbia Savings & Loan Association,* 191 U.S. 78, 81, 24 S.Ct. 30, 31–32, 48 L.Ed. 103 (1903); *Stevens v. Nichols,* 130 U.S. 230, 231, 9 S.Ct. 518, 519, 32 L.Ed. 914 (1889); *Roecker v. U.S.,* 379 F.2d 400, 407 (5th Cir.1967) (Where the parties are not diverse at commencement, the plaintiff cannot create diversity jurisdiction by moving after filing the suit.); *Kanzelberger v. Kanzelberger,* 782 F.2d 774, 776 (7th Cir.1986); *Tyler v. Bonaparte's Fried Chicken,* 610 F.Supp. 58, 60 (M.D.La.1985) (change of defendant's citizenship after filing of removal petition had no effect on creation of diversity and did not make action removable); *Aynesworth v. Beech Aircraft Corp.,* 604 F.Supp. 630, 633 (W.D.Tex.1985); *Crier v. Zimmer, Inc.,* 565 F.Supp. 1000, 1001 (E.D.La.1983); *Kilpatrick v. Arrow Co.,* 425 F.Supp. 1378, 1380 (W.D.La.1977) ("[A]

defendant cannot render a suit removable merely by moving to another State after plaintiff files his original complaint in the State Court.")

■ The change of a party's citizenship after commencement does not affect this court's diversity jurisdiction, which is determined by the citizenship of the parties at commencement of the suit, not by their citizenship at removal. Although diversity is to be determined at removal by the pleadings, the pleadings must demonstrate that the parties were diverse at the time of commencement in state court, even if the original petition failed to demonstrate that the parties were diverse. If the parties are not diverse at commencement, and one of them moves, creating diversity, the case cannot be removed because diversity did not exist at commencement. That is analogous to what MLD did here, by merging with CSI, and, in effect, moving to CSI's states of incorporation and principal place of business. If MLD, instead of merging with CSI, had reincorporated itself in New Jersey and moved to New York, the result would be the same. Because it was not diverse with Scott and Hawthorne when it sued them in state court, it cannot remove the case now that it is diverse.

■ This rule on removal is an extension of that applied in cases that are commenced originally in federal court. Diversity must exist when the plaintiff files the case. *Seafoam, Inc. v. Barrier Systems, Inc.*, 830 F.2d 62, 66 (5th Cir.1987); *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir.1986); *Oliney v. Gardner*, 771 F.2d 856, 858–59 (5th Cir.1985); *Carlton v. Baww, Inc.*, 751 F.2d 781, 785 (5th Cir. 1985); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir.1974); *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir.1970); *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir.1966).

■ A narrow exception to the requirement of diversity at both commencement and removal exists. A suit against both a non-diverse defendant and a diverse defendant may become removable by the diverse defendant if the plaintiff voluntarily dismisses the action against the non-diverse defendant with prejudice, because there is no risk that diversity will later be destroyed. *Powers v. Chesapeake & Ohio Railway Co.*, 169 U.S. 92, 98, 18 S.Ct. 264, 266, 42 L.Ed. 673 (1988); *Phillips v. Unijax*, 625 F.2d 54, 56 (5th Cir.1980); *Higgins v. Pittsburgh–Des Moines Co.*, 635 F.Supp. 1182, 1184 (S.D.Tex.1986); *Aynesworth v. Beech Aircraft Corp.*, 604 F.Supp. 630, 633 (W.D.Tex.1985).

■ This exception does not apply if the non-diverse defendant is involuntarily dismissed by the court, because, although complete diversity will exist temporarily, the district court's diversity jurisdiction may ultimately be destroyed if the plaintiff appeals the dismissal and wins. *Lathrop, Shea & Henwood Co. v. Interior Construction and Improvement Co.*, 215 U.S. 246, 251, 30 S.Ct. 76, 78, 54 L.Ed. 177 (1909); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir.1967).

The exception does not apply here for two reasons. First, CSI did not dismiss a non-diverse defendant, leaving only diverse defendants; it obtained diversity by effectively moving MLD from Texas to New Jersey and New York. Second, the exception allows only the defendant to remove, and, as discussed here, CSI is not a defendant under the removal statute.

■ A second exception to the general removal rule allows the defendant to remove the case when the court realigns the parties to arrange them according to their sides in the dispute. If the parties are not diverse at filing, but are diverse after realignment by the court, removal is proper. Conversely, if the parties are diverse as named in the original complaint, but after the court realigns the parties they are not diverse, removal is not allowed. *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941); *Zurn Industries, Inc. v. Acton Construction Co., Inc.*, 847 F.2d 234, 236 (5th Cir.1988). The exception does not apply here.

The few cases that hold that the parties must be diverse when the case is removed but not when it is commenced in state court

are wrong. *Miller v. Grgurich,* 763 F.2d 372, 373 (9th Cir.1985) (diversity should be determined from the face of the complaint); *Comtec, Inc. v. National Technical Schools,* 711 F.Supp. 522, 523 (D.Ariz.1989) (cites *Miller* ); *Swanigan v. Amadeo Rossi, S.A.,* 617 F.Supp. 66, 67 (E.D.Mich.1985).

### 5. *Timeliness.*

 CSI's removal was not timely. It might have been proper if it had occurred within 30 days of the filing of Scott's counterclaim, as required by 28 U.S.C. § 1446(b). CSI could not remove at that time, though, because MLD had not yet merged into it, so it and Scott and Hawthorne were not yet diverse. Timeliness of the removal would not have made it proper, however, because, as discussed above, CSI lacked the standing to remove.

CSI objects to Scott's motion to remand, arguing that he waived his right to seek remand by not filing it within 30 days of CSI's removal, as required by 28 U.S.C. § 1447(c):

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 U.S.C. § 1446(a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....

CSI's objection is not well taken, because Scott's motion to remand challenged not CSI's removal procedure, but the district court's subject matter jurisdiction. Because the court lacks subject matter jurisdiction over the claims, a motion to remand is proper at any time before final judgment. Scott's motion to remand is timely and proper.

### 6. *Conclusion.*

Scott's counterclaim will be remanded because CSI lacks standing, as the plaintiff-counterdefendant, to remove the case, diversity did not exist when MLD filed suit in state court, and CSI did not remove the

case within 30 days of the filing of Scott's counterclaim.