**OPNAD FUND, INC.,**
**Plaintiff/Counterclaim Defendant,**

**McDonald's Corporation, Counterclaim Defendant,**

v.

**Joseph L. WATSON,**
**Defendant/Counterclaim Plaintiff.**

**Civ. A. No. 3:93–cv–130WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

July 12, 1994.

Tylvester O. Goss, Davis, Goss & Williams, Jackson, MS, for plaintiff.

Frank M. Holbrook, Dalton McBee, Jr., Thompson, Alexander & Crews, Lewis W. Bell, Paul H. Stephenson, III, Watkins & Eager, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is McDonald's Corporation's Application For Review of the Magistrate Judge's Order, which remands this case to the state court in which it was instituted. The issue is whether McDonald's Corporation (hereinafter "McDonald's"), a counterclaim defendant here, is a proper party to effect removal of this lawsuit from state court to this federal court under 28 U.S.C. §§ 1441(a), 1446(a). Having examined the Magistrate Judge's Order of Remand and the submissions of the parties, this court finds that the counterclaim defendant here was not the proper party to remove. Accordingly, for the reasons which follow, this court finds that since the Magistrate Judge's Order was not clearly erroneous or contrary to law, this lawsuit must be remanded to state court.

## I. FACTUAL BACKDROP

The initial parties to this dispute were OPNAD Fund, Inc. ("OPNAD") and one Joseph L. Watson ("Watson"). Watson wholly owns Lashon Enterprises, Inc. ("Lashon"). Watson owned two McDonald's franchises, one located in the township of Carthage, Leake County, Mississippi, and the other situated in the township of Canton, Madison County, Mississippi. Watson and Lashon operated together the Carthage franchise from 1989 to 1993, and the Canton franchise from 1987 to 1993. Both Watson and Lashon are citizens of Mississippi.

OPNAD is a not-for-profit corporation organized under the laws of Illinois and developed by McDonald's, a Delaware corporation, to fund McDonald's national advertising efforts. OPNAD collects money from participating franchises to support these efforts.

Although OPNAD collects money on behalf of McDonald's, OPNAD claims to be organized as a corporate entity distinct and separate from McDonald's.

In July of 1992, Watson notified OPNAD that he wanted to resign as a participating franchisee from OPNAD because his franchise in Carthage was not doing well financially. Afterwards, Watson was contacted by a representative of McDonald's and informed that he could not resign. Shortly thereafter, Watson received a letter from an attorney which stated that his firm's services had been "retained by the McDonald's Corporation via the OPNAD Fund to pursue delinquent contributions ... owed by [Watson] as a former operator of two McDonald's franchises...." While Watson was engaged in discussions with McDonald's regarding McDonald's possible purchase of Watson's franchises, Watson discovered that OPNAD had filed actions against him in both the Circuit Courts of Madison and Leake Counties to collect delinquent contributions. The Leake County action was subsequently dismissed. The Madison County lawsuit, filed February 17, 1993, remained at issue.

On February 22, 1993, in this Madison County action, Watson, joined by the previously unnamed party, Lashon, filed counterclaims against OPNAD and McDonald's.[1] Prior to the filing of these counterclaims, McDonald's, like Lashon, had not been a party to this lawsuit. The Watson/Lashon counterclaims against McDonald's and OPNAD set forth eight counts. Count 1 alleges that OPNAD and McDonald's engaged in a conspiracy to drive Watson from the McDonald's system. Watson and Lashon allege that OPNAD is a sham instrumentality of McDonald's based, in part, on the contents of the demand letter sent to Watson by an attorney "retained by McDonald's corporation *via the OPNAD Fund....*" (emphasis added). In the alternative, Watson and Lashon argue that if the two entities be deemed separate, then the two entities conspired against Watson and Lashon. Count 2 alleges

---

1. Watson and Lashon will be referred to at times as the "counter-plaintiffs" and OPNAD and Mc-Donald's as the "counter-defendants."

a breach of fiduciary duty by McDonald's with respect to counter-plaintiffs. Count 3 alleges that McDonald's and OPNAD breached their covenants of good faith and fair dealing with Watson and Lashon. In the alternative, Watson and Lashon claim that McDonald's alone breached the covenants. Count 4 alleges that McDonald's negligently selected the sites for the Carthage franchise. Count 5 alleges fraudulent misrepresentations against McDonald's regarding the selection of the Carthage franchise site. Count 6 alleges fraud in the Business Franchise License ("BFL") against McDonald's alone. Count 7 alleges intentional infliction of emotional distress solely against McDonald's. Count 8 alleges a pattern or practice of harassment by McDonald's and OPNAD against Watson and Lashon.

Counts 1, 3, and 8 of the complaint allege facts which involve both OPNAD and Mc-Donald's, our counter-defendants. The remaining counts involve only McDonald's.

After the above counterclaims were filed, McDonald's served its notice of removal upon the other parties. As its basis for removal, McDonald's cited diversity of citizenship under 28 U.S.C. § 1332(a)(1).[2] On that same date, OPNAD served upon Watson its joinder in removal. Watson filed a timely motion to remand this case to state court. After having heard the respective arguments of the parties, the Magistrate Judge determined that this case should be remanded to state court. McDonald's takes exception to that ruling.

## II. *JURIDICAL DISPUTE OF THE PARTIES*

Although McDonald's is deemed a counter-defendant under the Mississippi Rules of Civil Procedure,[3] McDonald's claims that under federal law it is, in fact, a defendant for the purpose of removal.

2. Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

(1) citizens of different States; ...

Counter-plaintiffs Watson and Lashon assert that the Magistrate Judge's Order should be affirmed because under 28 U.S.C. § 1441(a) neither a plaintiff nor a counterclaim defendant is a proper party to remove an action. Counter-plaintiffs argue that to accept McDonald's argument that it is a true defendant would render meaningless the words of the removal statute which state that removal may be effected by "the defendant or the defendants ..." 28 U.S.C. § 1441(a). In short, counter-plaintiffs assert that under either a functional test, which examines the substance of the pleadings, or a test of strict statutory construction, McDonald's is not a "defendant" under § 1441(a) and, thus, is not the proper party to remove.

## III. *DISCUSSION AND ANALYSIS*

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, this court is required to modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. Having examined this dispute under this standard, this court is persuaded to affirm the remand of this case to state court.

As a preliminary matter, the court observes that McDonald's bears the burden of establishing that removal was proper. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). The burden of establishing federal jurisdiction falls upon the party which asserts it. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Jernigan,* 989 F.2d at 815. Generally, where there are close questions whether to remand an action, the court will resolve the issue in favor of remand. *See Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989).

3. Watson asserts that he was entitled to join McDonald's as a counter-defendant pursuant to Miss.R.Civ.P. 13(i) which provides that:

Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim....

## Statutory Construction

■ Our analysis begins with an examination of that portion of the removal statute pertaining to parties eligible to remove actions from state to federal court. The bare text of section 1441(a) mentions only defendants, not counter-defendants, as parties eligible to remove. The statute reads in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis supplied). This language referencing "the defendant or the defendants" likewise appears in 28 U.S.C. § 1446(a):

(a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

*Id.; Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir.1989) (holding that 28 U.S.C. § 1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them). Thus, on the statute's face, the rule that only the defendant may remove is unambiguous.

There is also persuasive case law supporting the proposition that only a defendant may remove an action. The remand order of the Magistrate Judge cites to the instructive case of *Tindle v. Ledbetter*, 627 F.Supp. 406 (M.D.La.1986), which involves facts similar to the case at bar. Ledbetter was the distributor under contract for a major distributing company in Louisiana. When the contract between Ledbetter and the distributing company expired, the company hired Tindle instead of renewing its contract with Ledbetter. However, Ledbetter allegedly continued to hold himself out to the public as the distributor for the company, and Tindle sued Ledbetter in state court for interference with business. Ledbetter counterclaimed and joined two officers of the distributing company and the company itself, accusing all four of violating state antitrust laws. The newly-joined counterclaim defendants removed the action to federal court pursuant to 28 U.S.C. § 1446(c).[4] Ledbetter moved to remand.[5]

The district court held that only a true defendant, not a counterclaim defendant, may remove a case to federal court. *See Tindle*, 627 F.Supp. at 407 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). This well-settled proposition was first announced in the United States Supreme Court decision of *Shamrock Oil & Gas Corp. v. Sheets, supra.* At issue before the Court in *Sheets* was whether a plaintiff against whom a counterclaim was filed may remove a case on the basis of diversity of citizenship. The *Sheets* Court found that removal by a plaintiff/counter-defendant was improper and contrary to the intent of Congress in writing the modern version of the removal statute. 313 U.S. at 109, 61 S.Ct. at 872. Thus, echoing the reasoning of the *Sheets* decision, the district

---

**4.** Section 1441(c) provides:
(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

**5.** Note the similar procedural postures of *Tindle* and the case at bar. In both cases: (1) there is a counterclaim made in state court against a party not originally named in the lawsuit; (2) the newly joined counter-defendant removes to federal court; and (3) the original defendant—now the counter-plaintiff—seeks remand to state court. The major difference between the two cases is that the counter-defendants in *Tindle* removed under 28 U.S.C. § 1441(c) and the counter-defendant (McDonald's) in the case at bar removed under 28 U.S.C. § 1441(a).

court in *Tindle* remanded the action on the theory that the removal statute must be strictly construed in a way that restricts the jurisdiction of the federal courts on removal. 627 F.Supp. at 407 (citing *Sheets,* 313 U.S. at 108–09, 61 S.Ct. at 872). *See Laughlin v. Prudential Ins. Co.,* 882 F.2d 187 at 190 (same).

In lockstep with *Tindle,* the district court opinion of *Scott v. Communications Servs., Inc.,* 762 F.Supp. 147 (S.D.Tex.1991), *aff'd without op.,* 961 F.2d 1571 (5th Cir.1992), is instructive on the issue of statutory interpretation. *Scott* involved a declaratory action commenced in state court by a corporate plaintiff against Scott, a non-diverse defendant. Scott counterclaimed against the corporate plaintiff and joined a second, diverse corporate counter-defendant. After the counterclaim was filed, the original corporate plaintiff merged with an out-of-state corporation, effectively moving it to another state. The newly-merged corporation withdrew its claims against Scott. All that remained in state court was Scott's counterclaims against the merged corporation and the corporation joined through the counterclaim. The merged corporation removed to federal court pursuant to diversity jurisdiction.

The *Scott* Court held that 28 U.S.C. § 1441(a) contemplates only a defendant's use of the removal statute. The Court traced the legislative history of removal and determined that Congress only intended that true defendants may remove actions. *Scott,* 762 F.Supp. at 149–50. Nevertheless, the subsequently joined counter-defendant maintained that because it had no choice in selecting the state forum it should be given an opportunity to remove this action to federal court. The *Scott* Court was not persuaded.

> CSI [merged corporation] does not become a defendant under § 1441(a) when a defendant files a counterclaim against it. A few old cases hold that the plaintiff can remove a case as counter-defendant, because when the defendant files the counterclaim, the plaintiff becomes a defendant for the counterclaim. [citations omitted] No court since 1938, however, has held that the plaintiff may remove a case as counter-defendant, and the well-estab-

lished rule is that the plaintiff, who chose the forum, is bound by that choice, and may not remove the case.

*Id.* at 150. The Court ultimately concluded that because the original plaintiff chose to file suit in state court, Scott's counterclaim did not transform the original plaintiff or the later joined counter-defendant into defendants for removal purposes. *Id.; see also Dixie Elec. Co-op. v. Citizens of State of Ala.,* 789 F.2d 852, 857 (11th Cir.1986) ("the mere fact that a party is denominated an 'additional counterclaim defendant' does not mean that a claim is asserted against that party for purposes of removal") (quoting *Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 704–05, 92 S.Ct. 1344, 1348–49, 31 L.Ed.2d 612 (1972)).

Thus, on the basis of the foregoing authority, this court is convinced that McDonald's may not remove inasmuch as it is not a defendant within the meaning of the removal statute.

### *Functional Test*

McDonald's next urges its alternative argument: if only defendants may remove under § 1441(a), then under the "functional test," McDonald's qualifies as a true defendant. McDonald's relies upon a line of cases where the functional test was applied in the removal context. *See, e.g., Columbia Gas & Elec. Corp. v. American Fuel & Power Co.,* 322 U.S. 379, 64 S.Ct. 1068, 88 L.Ed. 1337 (1944); *General Motors Corp. v. Gunn,* 752 F.Supp. 729 (N.D.Miss.1990); *Estate of Spragins v. Citizens Nat'l Bank,* 563 F.Supp. 424 (N.D.Miss.1983). Quite simply, under the "functional test," the court realigns the parties in their proper perspectives regardless of their denominations in the pleadings.

McDonald's cites especially the opinion in *Gunn, supra,* in support of its theory. The plaintiff in *Gunn* filed a complaint in state court against a local district attorney and the chief of police seeking production of an investigative report and photographs of an accident in which members of Gunn's family were killed. The complaint stated that the information was required to support a possible tort claim against General Motors for defective design or manufacture. The com-

plaint also alleged that the subject car was in storage but was subject to deterioration and diminution of evidentiary value. General Motors learned of the complaint and moved to intervene for immediate access to inspect the Gunn vehicle and sought an order directing Gunn to protect the car or allow General Motors to do so. However, the motion was never addressed by the court because the action was subsequently dismissed by the parties; the district attorney and chief of police voluntarily complied with Gunn's request for the information.

■ Thereafter, General Motors filed a Bill of Discovery[6] against Gunn in state court. Gunn filed an answer and counterclaimed for the wrongful death of his family arising out the accident. General Motors then filed a notice of removal on the basis of Gunn's counterclaims, asserting diversity of citizenship as the basis of jurisdiction. General Motors also moved to dismiss the Bill of Discovery and to realign the parties to reflect that Gunn was the real party plaintiff since Gunn's counterclaim provided a procedural basis for discovery and rendered the Bill of Discovery moot. Gunn moved to remand on the ground that General Motors, as the true party plaintiff, had no statutory right to remove under 28 U.S.C. § 1441.

The *Gunn* Court found that although state law determines whether a pleading is designated as a complaint, federal law determines which party is the true defendant eligible to remove. 752 F.Supp. at 731 (citing *Chicago, Rock Island & Pac. R.R. Co. v. Stude,* 346 U.S. 574, 579–80, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954)). The *Gunn* Court applied the United State Supreme Court's "functional test," as set forth in *Mason City & Fort Dodge R.R. Co. v. Boynton,* 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629 (1907), to determine the true status of parties. This functional test provides that the plaintiff

> is the party whose intent to achieve a particular result, such as the recovery of property or money, is the "mainspring of the proceedings" and who is responsible

for the continued existence of the action. The party opposing or resisting the plaintiff's claim is the defendant, who may remove.

*Id.,* 204 U.S. at 579–80, 27 S.Ct. at 323–24. Applying the functional test to the facts in *Gunn,* the Court deemed General Motors the true defendant because the mainspring of the action was Gunn's counterclaim for wrongful death. The Court found the Bill of Discovery action by General Motors was ancillary to a pending or anticipated suit and was not a separate and independent suit requiring an independent basis for federal jurisdiction. *Gunn,* 752 F.Supp. at 732. The Court concluded by realigning the parties to reflect Gunn as the true plaintiff and General Motors as the true defendant for the purpose of removal. *Id.*

McDonald's also relies heavily upon *Spragins, supra. Spragins* involved the probate of an estate. A state chancery court opened the decedent's estate, and the executor published notice to all persons with potential claims to present these claims to the chancery clerk within a certain time. The bank filed a timely claim against the estate. The executor filed an answer and asserted affirmative defenses. In response, the executor caused a fiat to issue, thus setting the claim for hearing. Prior to the hearing, however, the bank removed to federal court. The bank claimed that despite its filing of the claim against the estate, which initiated the action, the estate should be considered the plaintiff.

The court rejected the bank's first argument that the estate should be considered the "plaintiff" because the estate published the notice to the creditors which instigated the controversy. The court also rejected the bank's second argument that the estate should be deemed the plaintiff since the estate had the burden of proving its affirmative defenses. The court found that the status of a party is not affected by any affirmative defenses or counterpleadings. Finally, upon

---

**6.** A Bill of Discovery is an ancient device used in equity practice which was used to compel disclosure of material facts indispensable to discovery and exclusively within the knowledge or posses-

sion of the defendant. *See State Oil & Gas Bd. v. McGowan,* 542 So.2d 244, 248 (Miss.1989) (citing Griffith, Mississippi Chancery Practice § 427, at 422 (1925)).

applying the "functional test" to the dispute, the court said:

> Under the "functional test" of *Magnusson v. American Allied Ins. Co., supra* [286 F.Supp. 573 (D.Minn.1968) ], it is obvious that the Bank is the party seeking to enforce its alleged contractual rights against the Estate, which is the party resisting or defending the claim. Therefore, the Bank must be considered as having the status of a "plaintiff" and is not entitled to remove the action under 28 U.S.C. §§ 1441 or 1446.

*Spragins,* 563 F.Supp. at 428.

■ This court believes that neither *Gunn* nor *Spragins* supports the counter-defendants herein. Under the functional test for party status, courts are not required to look solely to the party which initiates the claim. Rather, a court looks to which party is attempting to achieve a particular result and which party is resisting the other party's claims. *See Boynton,* 204 U.S. at 579–80, 27 S.Ct. at 323–24. In the case *sub judice,* OPNAD is affirmatively asserting claims for money due under contract, while Watson is resisting those claims through its counterclaims. The civil conspiracy counterclaims in counts 1 and 8 appear to be in direct opposition to the claims raised in OPNAD's complaint. The counterclaims of breach of fiduciary duty and covenants of good faith and fair dealing, as well as the counterclaim of fraud, also are directly related to OPNAD's allegations that Watson owes it money under contract. The counter-plaintiffs in this action seek merely to resist the claims of OPNAD by raising these counterclaims. The mainspring of this action, without a doubt, remains the collection of funds under contract. Hence, unlike *Gunn,* this lawsuit is not one which needs recasting under the "functional test." Instead, as in *Spragins,* it is obvious that OPNAD is the party seeking to enforce its alleged contractual rights against Watson, who, in defending this claim, contends that OPNAD and McDonald's are alter-egos or active conspirators. *See City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47, *reh'g denied,* 314 U.S. 714, 62 S.Ct. 355, 86 L.Ed. 569 (1941) (a party aligned in interest with a true plaintiff should not be permitted to remove). Under these allegations, this court concludes that McDonald's is not a "defendant" for purposes of removal.

## IV. CONCLUSION

Although today the court affirms the remand, nothing in this opinion forecloses the possibility that a party designated as a plaintiff in state court may be deemed a defendant for the purpose of removal. However, the facts which might necessitate such a ruling simply are not present here. This is the case of a straight collection action and straight counterclaims. There is nothing in the character of these counterclaims which magically transforms McDonald's into a defendant eligible to remove this case from state court. Under a strict statutory construction paradigm or a functional test paradigm, McDonald's is a counterclaim defendant. Counterclaim defendants simply may not remove cases to federal court. *See Shamrock Oil,* 313 U.S. at 108, 61 S.Ct. at 872.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Magistrate Judge's remand order is affirmed. This case hereby is remanded to the Circuit Court for the Twentieth Judicial District of Madison County, Mississippi. The Clerk of Court is directed to send a certified copy of this order to the Circuit Clerk of Madison County.

**SO ORDERED AND ADJUDGED.**