IN THE

# SUPREME JUDICIAL COURT,

FOR THE

## COUNTY OF LINCOLN,

## 1850.

### Fogg *versus* Fogg & al.

By a rule of the court, pleas in abatement, if consisting of matter of fact, not apparent on the face of the record, must be verified by oath or affirmation.

Such verification must be *positive* as to every matter of fact alleged in the plea.

An affidavit that the plea is true, according to the best knowledge and belief of the affiant, is not a sufficient verification.

When a plea, in order to be valid, requires a verification, it must be adjudged bad, if it have no verification, or if it have only a defective one.

A plea of non-tenure is required by the statute to be in abatement only. By the rule of court, it must be verified, or it will be held bad, on special demurrer.

WRIT OF ENTRY. Plea, that the defendants cannot render to the plaintiff the demanded premises, because they are not, and at the time of suing out the writ were not, nor at any time since have been, tenants of the freehold.

Appended to said plea was an affidavit, by the defendants' attorney, that the plea was true *" according to the best of his knowledge and belief."*

To that plea the plaintiff demurred specially, and among

other causes, she set forth, in substance, that the plea was not verified according to the rule of the court, which requires that pleas in abatement, if containing matter of fact, not appearing of record, shall be verified by oath or affirmation.

The defendants joined in the demurrer.

*J. C. Woodman,* for the defendants.

1. By the statute of 1846, chap. 221, the plea of *non-tenure* can be pleaded in abatement only. But, as to the defendants, it is really a plea to the merits. It is therefore, not subject to be viewed with disfavor, as mere dilatory pleas are.

The rule of the court requires that pleas *in abatement,* if containing matter of fact, not appearing of record, should be verified by oath or affirmation. That rule was not designed for such a case as this, and ought not to be held applicable to it.

2. The defendants' plea is not within the rule, because it does not assert a fact, "not appearing of record." It is virtually a denial of an allegation contained in the declaration. That allegation is, that the defendants disseized, which is equivalent to an assertion that they claim the freehold. The plea is merely a denial of that assertion. In such a case, no verification of the plea is necessary.

3. When the rule was established, non-tenure was pleadable in bar, and needed no verification. In its nature, a verification was inapplicable. The alteration of its *name* by the statute, does not change its essential *character.* Suppose the Legislature should require *non assumpsit* to be pleaded in abatement, could a verification be required?

4. The demurrer is to the plea, not to the verification. A plea may be good in form, though there be no verification.

The plaintiff's remedy, if any, was by applying to the court to reject the plea, because not verified.

*Tallman* and *Booker,* for the demandant.

Shepley, C. J. — The act approved on August 10, 1846, c. 221, provides, that " the defendant may plead that he is not tenant of the freehold, in abatement, but not in bar."

By a rule of the court such a plea must be verified by affidavit.

The affidavit must in such case be positive as to every matter of fact therein stated. *Pearce* v. *Davy*, Say. 293. In the present case it contained no proper verification, being made to the truth of the plea to the best knowledge and belief of the tenants' attorney. This affidavit may have been correct, and yet the tenants may have been tenants of the freehold.

It is insisted in argument, that the demurrer being to the plea, all objection to the affidavit has been waived.

When an affidavit is required to constitute a good plea, it must be adjudged to be bad, if there be no affidavit or a defective one. The cases cited by the counsel do not authorize a different conclusion.

The argument quite fails to satisfy the mind, that it is not a matter of fact not appearing of record, that the tenants were not tenants of the freehold.

A motion has been made for leave to amend the affidavit by making an absolute verification of the truth of the plea. To permit this, after the action has been brought into this court by a demurrer and joinder in it, without requiring payment of the demandant's cost to this time, would not be just. If the tenants have no title to the estate, a judgment for possession rendered against them, will not affect the title of other persons ; and it may be quite as well for them to submit to a judgment and pay the costs of the suit, as to pay the costs to this time and to continue the contest. If they have any claim to the estate, there will be opportunity to have a decision upon it under a plea to the merits.

Motion overruled, plea adjudged to be bad, and *respondeas ouster* awarded.