WILLIARD K. ATWOOD *vs.* ABBEY HIGGINS.

Somerset.    Opinion October 21, 1884.

*Pleadings.   Married women.    Stats. 1881, c. 39; 1876, c. 112.*

In a plea of coverture in abatement, the allegations recognized as necessary are, that of coverture at the time of the commencement of the action and its continuance by the continued life of the husband up to the time of filing the plea.

The affidavit to a plea in abatement may be made by an attorney or agent; and by stat. 1881, c. 39, (R. S., c. 77, § 4), may be made before the entry of the action, or the filing of the plea.

Stat. 1876, c. 112, does not authorize the wife to defend alone an action against her for an alleged tort not relating to property or personal rights, nor does it relieve the husband of liability for such a tort.

ON EXCEPTIONS.

An action of slander.    The writ was dated March 24, 1883. The defendant filed the following plea :

" *Williard K. Atwood* v. *Abbey Higgins.*    Supreme Judicial Court, Somerset County, September Term, A. D. 1883.

"And now the said Abbey Higgins comes and defends the wrong and injury when, &c. and prays judgment of the plaintiff's writ and declaration aforesaid, because she says that at the time of the issuing of the said writ of the said plaintiff, she was and still is married to one William J. Higgins, her husband, who is still living, to wit, at Fairfield, in said county of Somerset, and this she is ready to verify.    Wherefore because the said William J. Higgins, her said husband, is not named in said writ and declaration, she prays judgment of said writ and declaration, and that the same may be quashed, and for her costs.

Abbey Higgins.

By David D. Stewart, her attorney and agent."

" State of Maine, County of Somerset, September 18, 1883.

" Personally came David D. Stewart above named, on this eighteenth day of September, A. D. 1883, and made oath that the foregoing plea is true in substance and in fact.    Before me,

Turner Buswell, justice of the peace. "

To this plea the plaintiff demurred, and the exceptions are to the ruling of the court in overruling the demurrer and sustaining the plea in abatement.

*Brown and Carver*, for the plaintiff, cited: *Tweed* v. *Libbey*, 37 Maine, 49; Gould, Pl. c. 3, § § 57, 47; 27 Maine, 549; 31 Maine, 569; 33 Maine, 225; 44 Maine, 92, 482; 58 Maine, 246; 65 Maine, 108; 71 Maine, 360; 20 Maine, 145; 56 Maine, 42; 37 Maine, 49; 31 Maine, 302; *Furbish* v. *Robertson*, 67 Maine, 35; Stephen's Pl. 356, 84; 1 Chitty, Pl. 463; 1 Curtis, C. C. 494; 59 Maine, 172, 90; 72 Maine, 40; 61 Maine, 83, 121; 16 Mass. 461; 98 Mass. 101; 4 Allen, 403; 112 Mass. 387; 119 Mass. 189; 5 Allen, 338; 106 Mass. 561; 68 Maine, 87; 1 Black. Com. 443, 445; 4 Bing. (N. C.) 96; Starkie, Slander, 333; 2 Wm. Saunders, 47; 67 Maine, 304, 251; 33 Maine, 196; 54 Maine, 156; 51 Maine, 308; 59 Maine, 298; 66 Maine, 182; Addison, Torts, § 1313; Dicey, Parties, 501, 502; 72 Maine, 115; 58 Maine, 139; 64 Maine, 177; 57 Maine, 586; 55 Maine, 358; 4 Oregon, 298; 41 Maine, 405; 2 Green, Cr. L. R. 286; 70 Maine, 281; 74 Maine, 287; 5 C. & P. 484; *Wright* v. *Leonard*, 30 L. J. 367.

*D. D. Stewart*, for the defendant, cited: 2 Black. Com. 433; 2 Kent's Com. 149, 154, 161; *Marshall* v. *Rutton*, 8 T. R. 545; 3 Black. Com. 414; 1 Chitty Pl. 93; *Hobbs* v. *Hobbs*, 70 Maine, 382; *Libby* v. *Berry*, 74 Maine, 288; *Ferguson* v. *Brooks*, 67 Maine, 251; *Swift* v. *Luce*, 27 Maine, 288; Story's Pl. (2d ed.) 94; 1 Chitty Pl. (16th ed.) 469, 733, 480, 479, 470; 2 Chitty Pl. (16th ed.) 270, 272, 273; *Freeman* v. *Freeman*, 39 Maine, 426; *Calais* v. *Bradford*, 51 Maine, 416; *Evans* v. *Stevans*, 4 T. R. 225; *Potter* v. *Titcomb*, 3 Fairf. 55, 56; *State* v. *Sweetsir*, 53 Maine, 438.

DANFORTH, J.    This is an action of tort in which the defendant files a plea of coverture in abatement.    To this plea the plaintiff files a general demurrer, and raises several objections, both to its form and substance.    As to the form, the pleader has followed

the precedent found in Story's Pleadings, 95, and in 2 Chitty on Pleadings, (16th ed.) 272. This precedent has stood the test for many years, and no authority has been cited in which it has been held insufficient. The issue presented is that of coverture, and the allegations recognized as necessary, are that of coverture at the commencement of the action and its continuance by the continued life of the husband up to the time of filing the plea. 1 Chitty on Pleadings, (16th ed.) 465 ; 1 Saund. Repts. 291, b ; *Horner* v. *Moor*, 5 Burr. 2614. Both these allegations are found in this plea. But it is objected that there is no sufficient allegation of the residence of the husband within the state. Such has been held to be necessary in the case of a joint contractor where there is no presumption of residence. But if necessary, in a case of coverture where the residence of the wife is presumed to be that of the husband, we find it in this plea in the very words of the precedent referred to, and so connected with the previous allegation of coverture, that it must be understood as referring to the same period of time.

The affidavit, both as to the person making it and the time when made, is objected to. In 1 Chitty on Pleadings, 479, it is said that the affidavit may be made by the defendant or a third person. In this case it was made by the attorney and agent who signed the plea, not with the purpose of binding the conscience of the defendant, but to bind his own, and upon his own responsibility. Nor are there any facts stated in the plea which might not be within his own knowledge. If this is not in terms authorized by the rule of court, it is not inconsistent, but is a compliance with it.

The affidavit was made on the return day of the writ, but was not filed until the day following. Whether this was sufficient under the decision in *Bellamy* v. *Oliver*, 65 Maine, 108, it is not necessary now to inquire. Since that case was decided, the statute of 1881, c. 39, R. S., c. 77, § 4, has been passed, providing that the affidavit " may be made at any time before the entry of the action, or before filing the same. "

In substance, the plea is well founded. It is not denied that under the common law such an action could not be maintained

against the wife alone. It is also a familiar principle of law that a statute in derogation of the common law will be strictly construed. In other words, courts will consider the common law in force until it has been repealed or modified by the legislature. That the wife's disabilities in prosecuting and defending suits upon contracts have long since been removed, may be conceded. But in cases of tort, these disabilities, so far as applicable to this action, remain unless removed by statute of 1876, c. 112. *Ferguson* v. *Brooks*, 67 Maine, 251; *Abbott* v. *Abbott, Id.* 308–9.

By this statute, the wife may, with or without her husband, prosecute and defend an action, either of tort or contract, "for the preservation and protection of her property and personal rights, or for the redress of her injuries." Whether the option here given her to defend alone or jointly with her husband, would enable her to maintain her plea in abatement, it is unnecessary now to decide. It is sufficient that the case at bar does not come within the terms, or spirit even, of the statute. It is not an action for the protection of the wife's property or personal rights. Nor is it for the redress of any injury to her. No such issues are or can be involved. It is rather an action against the wife, purely and simply for a wrong alleged to have been committed by her. The only statute which can be invoked to relieve the wife of her disability in such a case as this, or the husband of his liability, is that of 1883, c. 207, R. S., c. 61, § 4, and whether this would or would not, it is of too late a date to have any application here.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, EMERY and FOSTER, JJ., concurred.