386

Eugene F. SHORE, Plaintiff-Appellee,

v.

ACANDS, INC. et al., Defendants,

GAF Corp., Amatex Corp., Fibreboard Corp., Forty-Eight Insulations, Inc., Nicolet, Inc., Pittsburgh Corning Corp., Rock Wool Manufacturing Co. and Unarco Industries, Defendants-Appellants.

No. 80–3337.

United States Court of Appeals,
Fifth Circuit.
Unit A

May 4, 1981.

Ransom P. Jones, III, F. Gerald Maples, Pascagoula, Miss., for plaintiff-appellee.

W. F. Goodman, III, W. F. Goodman, Jr., P. N. Harkins, III, Jackson, Miss., for GAF.

Wells, Wells, Marble & Hurst, J. Jerry Langford, Jackson, Miss., for Amatex Corp.

Louis G. Baine, Jr., Don W. Moore, Jackson, Miss., for Fibreboard Corp.

Page, Mannino & Peresich, Ronald G. Peresich, Biloxi, Miss., for Forty-Eight Insulations, Inc.

Butler, Snow, O'Mara, Stevens & Cannada, Richard L. Forman, Jackson, Miss., for Nicolet, Inc.

Daniel, Coker, Horton, Bell & Dukes, Curtis E. Coker, Jackson, Miss., for Pittsburgh Corning Corp.

Upshaw & Ladner, Heber Ladner, Jr., George E. Pickle, Jackson, Miss., for Unarco Industries, Inc.

Before INGRAHAM, POLITZ and WILLIAMS, Circuit Judges.

INGRAHAM, Circuit Judge.

This is an appeal from an order entered by a district court granting plaintiff Shore's petition to perpetuate testimony pursuant to Fed.R.Civ.P. 27. Appellants are eight corporations that Shore sought to make defendants to his lawsuit, the complaint in which was filed prior to the filing of the Rule 27 petition. Subsequent to a hearing on the petition, the district court granted these defendants' motions to dismiss for lack of personal jurisdiction. Subsequently still, the court granted Shore's petition. For reasons developed below, we remand this case to the district court with instructions to vacate its order granting the Rule 27 petition.

I. *Factual and procedural history.*

On March 17, 1980, in the Southern District of Mississippi, Shore filed suit against twenty-five corporations involved directly or indirectly in the manufacture and sale of asbestos and asbestos products. (Unless otherwise specified all dates are 1980.) The complaint identified Shore as a resident of Oklahoma and identified the various corporations as incorporated in divers states foreign to Mississippi. Putative service was effected through the Secretary of State by mailings to a special process service company in Jackson, Mississippi.

On April 17, thirty days after filing suit, Shore's attorney filed a notice to take an evidentiary videotape deposition of plaintiff Shore in Salisaw, Oklahoma on May 7. On April 18, Shore's attorney filed a document styled Petition to Perpetuate Evidence Before Action and Pending Appeal. Specifically, Shore sought to perpetuate his deposition testimony pursuant to Fed.R.Civ.P. 27(b), (c) and 34. Copies of the petition and of a notice of hearing on the petition were mailed to defendants on April 18. The notice announced that the hearing was scheduled for April 25, one week later.

From April 22 through April 25, the eight defendants who are appellants here either filed their own or joined in each other's motions to quash the notice of deposition and motions to dismiss for lack of personal jurisdiction. All eight defendants asserted that they were not qualified to nor were they doing business in the state of Mississippi. None of these appellants had yet

filed an answer to plaintiff Shore's complaint.

The hearing on the motion to dismiss for lack of personal jurisdiction was held on May 1. The district court concluded that the provisions of the Mississippi Long-Arm Statute, Miss.Code Ann. § 13–3–57, could not be employed by a nonresident plaintiff to secure jurisdiction over nonresident defendant corporations not qualified to do business in Mississippi. The court accordingly signed its order on May 1, dismissing without prejudice these eight defendants for lack of personal jurisdiction. On May 2, the court signed its order granting Shore's Petition to Perpetuate Evidence Before Action and Pending Appeal.

On May 5, the eight defendants who are appellants here filed their notice of appeal in the District Court for the Southern District of Mississippi. They appeal from the Order Allowing the Perpetuation of Testimony signed by that court on May 2, attacking the granting of the petition on numerous procedural and jurisdictional grounds. On this appeal, we are concerned only with the granting of Shore's petition to perpetuate deposition testimony as against these eight corporations.[1]

II. *Jurisdiction on appeal and standard of review.*

■ We note preliminarily that we have jurisdiction under 28 U.S.C. § 1291 (1976) to review an order granting a petition pursuant to Fed.R.Civ.P. 27. *Ash v. Cort*, 512 F.2d 909, 911–12 (3d Cir. 1975); *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 52 (9th Cir. 1961); *Mosseller v. United States*, 158 F.2d 380, 383 (2d Cir. 1946). *See In re Sims*, 389 F.2d 148 (5th Cir. 1967). On review, we must determine whether on the facts of this case the district court abused

its discretion in granting Shore's petition. *See Ash v. Cort*, 512 F.2d at 912–13; *In re Sims*, 389 F.2d at 151; *De Wagenknecht v. Stinnes*, 250 F.2d 414, 417 (D.C.Cir.1957). *See also Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 367 n.9 (5th Cir. 1980).

III. *Legal analysis.*

■ At oral argument, there was considerable discussion whether this petition to perpetuate testimony could be maintained as a Rule 27(a) proceeding (despite the fact that it did not purport to be such) and, if so, whether the terms of Rule 27(a) were complied with by Shore.[2] Shore apparently argued the position below and both parties addressed it in briefs and at oral argument. The short answer is that Rule 27(a) is to be invoked *prior* to the commencement of an action. Here, Shore already had commenced his action a month earlier.

■ The longer and equally dispositive answer is that Rule 27(a) by its terms is available only to a "petitioner [who] expects to be a party to an action cognizable in a court of the United States but is *presently unable to bring it or cause it to be brought.*" The petitioner must show that he is presently unable to bring the action in *any* court, state or federal, anywhere in the United States. *See* 4 Moore's Federal Practice ¶ 27.07[2], at 1822 (1979). Here, Shore made no showing that he could not have brought his suit in some state or federal court in Oklahoma or in some other state, including any of the several states in which, for example, the various defendants have their principal place of business. That more than one suit initially might be necessary under such a scenario is no reason to ignore the plain terms of the rule. Petitioner Shore would apparently read the rule

---

1. The evidentiary videotape deposition is alive and well for now, as normal discovery material, to be used against the twenty-odd corporate defendants still subject to the district court's jurisdiction.

2. Appellants direct several arguments against Shore's compliance with both procedural and substantive requirements of Rule 27(a). In-

cluded among these are the arguments that Shore gave only four or seven days notice of the hearing on the petition, instead of the required twenty, and that Shore failed to establish by competent medical verification the necessity for perpetuation of his testimony. Under our disposition of the Rule 27(a) issue, we find it unnecessary to reach these questions.

to permit perpetuation whenever he "is presently unable to bring [an action] or cause it to be brought" *in the district of his choice and against all defendants of his choice.* The rule is not so applied.

The district court did not indicate the specific section of Rule 27 on which it relied in granting Shore's petition. For the foregoing reasons, we hold that it would have been an abuse of discretion to grant the petition under Rule 27(a).

Shore urges that even if Rule 27(a) is not applicable or its terms were not complied with fully, the granting of his petition surely must be sustained under Rule 27(b). Shore points to certain wording of the rule —"If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time therefor has not expired, the district court in which the judgment was rendered may allow . . . ."— as supportive of this contention. Focusing on the language "or before the taking of an appeal if the time therefor has not expired," Shore argues that since the time for taking an appeal from the order dismissing these eight defendants for lack of personal jurisdiction had not run, it was proper for the district court to grant the petition.

■ We believe that Shore focuses too narrowly on the language last quoted and misconstrues the broader context in which those words operate. The setting in which Rule 27(b) operates envisions a judgment already entered. The rule then provides as follows: "In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court." Thus, following rendition of a judgment, a party may move the court to allow the perpetuation of testimony and may do so upon the same service of notice as would be appropriate had the action not ceased to pend in the district court.

It is beyond argument that the language of Rule 27(b) anticipates the filing of a motion or petition and the service of notice thereof *after* rendition of a judgment. *Cf.*

*Ash v. Cort,* 512 F.2d at 912 (just as a Rule 27(a) motion is the only matter pending in a district court before a complaint is filed, so after an appeal has been lodged a Rule 27(b) motion is the only matter pending before a district court). Here, Shore filed his petition, expressly invoking Rule 27(b), just as the lawsuit was getting off the ground. At the time of filing and service of notice thereof, there was *no* judgment from which anyone had appealed or yet had time to appeal and, therefore, Rule 27(b) by its terms is simply not applicable. Thus, although the district court did not specify the section of Rule 27 under which it granted Shore's petition, it would have been an abuse of discretion to base the order on Rule 27(b).

■ In his petition Shore also invoked the office of Rule 27(c). At oral argument, counsel for Shore seemed less enthusiastic than initially about pinning his hopes upon this section of the rule. We believe this lack of enthusiasm was justified. Rule 27(c) of its own force creates no separate ancillary or auxiliary *proceeding* as does Rule 27(a). Rule 27(c) simply recognizes that the existence of such a *proceeding* does not abolish the power of a federal district court to entertain an *action* that is in substance the former bill in equity to perpetuate testimony. That *action*, however, must be brought in a manner that satisfies the venue requirements of an *action*, and service of process must be effected in the same manner as in the expected *action* wherein the perpetuated testimony will be used. *See* 4 Moore's Federal Practice ¶ 27.21.

■ To be entitled to a Rule 27(c) perpetuation, Shore must have effected service of process in the same manner as that necessary to bring these eight defendants before the jurisdiction of the District Court for the Southern District of Mississippi—that is, by valid assertion of personal jurisdiction pursuant to the Mississippi Long-Arm Statute. The district court, however, ruled that Shore had failed to acquire personal jurisdiction over these defendants because that statute was not available to Shore, a nonresident of Mississippi. Thus, although the

district court did not nominate the section of Rule 27 under which he was granting the petition, it would have been an abuse of discretion to predicate his order upon Rule 27(c).

## IV. *Conclusion.*

For the reasons discussed above, we find no basis upon which the district court properly could have entered its Order Allowing the Perpetuation of Testimony. We intimate no opinion as to whether Shore might move anew in some district court for perpetuation under Fed.R.Civ.P. 27(a), (b), or (c).[3] We hold only that it was an abuse of discretion for the district court to grant Shore's petition on the facts and under the chronology of the present record. Accordingly, we reverse this case and remand it to the District Court for the Southern District of Mississippi with instructions to vacate its Order Allowing the Perpetuation of Testimony signed on May 2, 1980.

REVERSED AND REMANDED.

**3.** With respect to petitions under Rule 27(a) against corporate adverse parties, we note that Professor Moore believes it reasonable to apply the venue definition of corporate residence in 28 U.S.C. § 1391(c) (1976) to the term "residence" of any expected adverse corporate party in the first sentence of Rule 27(a)(1). 4 Moore's Federal Practice ¶ 27.21, at 1850 & n.7. Conceivably, a corporation could be "doing business" in some state for purposes of Rule 27(a), even though that state's long-arm statute would not permit a nonresident plaintiff to secure jurisdiction over the corporation for purposes of a civil action or a Rule 27(c) perpetuation. Findings by a district court on this point would, of course, greatly facilitate any review of such proceedings.