Mary L. POWERS

v.

PLANNED PARENTHOOD
OF NORTHERN NEW
ENGLAND, et al.

Supreme Judicial Court of Maine.

Argued Jan. 2, 1996.

Decided June 6, 1996.

---

Todd S. Holbrook (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for Appellant.

Paul R. Dumas, Jr. (orally), Joyce, Dumas, David and Hanstein, P.A., Mexico, for Appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

Planned Parenthood of Northern New England (Planned Parenthood) appeals from an order of the Superior Court (Franklin County, *Delahanty, J.*) granting Mary Powers's petition to perpetuate testimony pursuant to M.R.Civ.P. 27.[1] We affirm the order.

---

1. Planned Parenthood and International Cancer Screening Laboratories (ICSL) also indicate in their notices of appeal that they are appealing from the court's denial of their motion to dismiss

At some point between January 1, 1994, and May 7, 1995, Mary Powers was diagnosed with cervical cancer. On May 7, 1995, Powers told her attorney, Paul Dumas, that she had six months to live. On May 21, Powers told Dumas that her prognosis had changed and that she only had two months to live.

On May 24, Dumas filed in Franklin County, Powers's county of residence, a petition to conduct discovery before action pursuant to M.R.Civ.P. 27 and a motion to expedite hearing on the petition. The petition was verified by Dumas. The court held a hearing on the petition that same day, with only Dumas present, and granted Powers's petition. Planned Parenthood first learned of the petition and the hearing on May 25, the day *after* the petition was granted. Planned Parenthood received notice of the deposition itself on May 24.

On June 1, Planned Parenthood filed a motion to dismiss Powers's petition and to vacate the court's order permitting her deposition, claiming that: (1) the petition did not show adequately that Powers presently was unable to bring an action; (2) the court had no jurisdiction to grant the petition because it was filed in the wrong county; (3) the petition was not properly verified; and (4) Planned Parenthood had no prior notice of the hearing.

On June 6, the court held a hearing on Planned Parenthood's motion to dismiss and to vacate. Defendant ICSL joined in the motion. After the court denied the motion the parties appealed. On June 16, Powers filed a notice of claim of medical malpractice against Planned Parenthood, ICSL, Northern Diagnostic Laboratories, and Cancer Screening Services.

### Appealability of the court's order

■ As a threshold matter, we must determine whether the court's decision to permit the taking of a deposition prior to the filing of an action is subject to an appeal. Ordinarily, appeals must be from a final judgment. *Lewellyn v. Bell,* 635 A.2d 945, 946 (Me.1993). Discovery orders generally are not subject to immediate appeal because the underlying litigation is ongoing, and the discovery order is not considered final. *Hanley v. Evans,* 443 A.2d 65, 66 (Me.1982). Depositions authorized pursuant to M.R.Civ.P. 27 are not, however, considered a traditional discovery device. 1 Field, McKusick & Wroth, *Maine Civil Practice* § 27.1 (2d ed. Supp.1981); M.R.Civ.P. 27, Reporter's Notes (1959). Moreover, the federal courts, in interpreting F.R.Civ.P. 27, which is substantially similar to M.R.Civ.P. 27, have held that both the denial and grant of a petition to perpetuate testimony are appealable as final orders because such orders grant all the relief sought in the petition and fully dispose of that proceeding. *See Shore v. Acands, Inc.,* 644 F.2d 386, 388 (5th Cir. 1981); *Mosseller v. United States,* 158 F.2d 380, 383 (2d Cir.1946). States that have an analogue to F.R.Civ.P. 27 and that have considered the appealability of Rule 27 orders have followed the federal rule. *See, e.g., In re Burlington Bagel Bakery, Inc.,* 150 Vt. 20, 549 A.2d 1044, 1045 (1988) (determination of finality of order denying a petition to perpetuate testimony pursuant to state rule of civil procedure is guided by federal caselaw). We therefore consider the merits of Planned Parenthood's appeal.

### Procedural defects of Powers's petition

■ M.R.Civ.P. 27(a) provides that any person who desires to perpetuate testimony by deposition prior to the commencement of an action may file a verified petition in the Superior Court of the county of the residence of the expected adverse party seeking an order allowing such perpetuation. M.R.Civ.P. 27(a)(1).[2] If there is more than

---

Powers's petition and vacate the order granting her petition. They do not pursue that issue in their briefs. We therefore deal only with the issue of the propriety of the court's grant of Powers's petition to perpetuate testimony. Furthermore, because ICSL's notice of appeal with respect to the court's order granting Powers's

petition to perpetuate testimony was untimely, we do not consider it.

2. M.R.Civ.P. 27(a)(1) provides in relevant part:

A person who desires to perpetuate testimony ... regarding any matter that may be cognizable in any court of the state may file a verified

one expected adverse party, the petitioner may file in any county in which one of the expected adverse parties resides. *Id.* The rule further requires certain items to be set forth in detail:

> (i) that the petitioner expects to be a party to an action cognizable in a court of the state but is presently unable to bring it or cause it to be brought, (ii) the subject matter of the expected action and the petitioner's interest therein, (iii) the facts which the petitioner desires to establish by the proposed testimony ... and the petitioner's reasons for desiring to perpetuate ... it, (iv) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and (v) the names and addresses of the persons to be examined ... and the substance of the testimony ... which the petitioner expects to elicit....

*Id.* Rule 27 also contains a notice requirement which provides, in relevant part:

> The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition. At least 20 days before the date of hearing the notice shall be served either within or without the state in the manner provided in Rule 4(d), (e), or (j) for service of summons; but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court may make such order as is just for service....

M.R.Civ.P. 27(a)(2). Planned Parenthood raises several objections to Powers's petition to perpetuate her own testimony, all of which focus on her alleged failure to comply with the requirements of M.R.Civ.P. 27(a). The standard of review for orders granting or denying petitions to perpetuate testimony is an abuse of discretion. *Shore v. Acands, Inc.,* 644 F.2d at 386 (discussing F.R.Civ.P. 27).

### *Powers's inability to bring an action cognizable in court*

■ Planned Parenthood contends that Powers's unsubstantiated statement in her petition that she "is presently unable to bring this action or cause it to be brought as she learned only Sunday that the Doctors give her a prognosis of having less than two months to live," is insufficient to satisfy the inability-to-bring-suit requirement of Rule 27(a)(1). We disagree.

Although a bare assertion that the moving party is gravely ill is generally insufficient to satisfy the inability prong of Rule 27(a)(1), *cf.* Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2072 (1994) (discussing F.R.Civ.P. 27), it was sufficient in this case. Before Powers could bring a medical malpractice action against Planned Parenthood and the other expected adverse parties, she was required by statute to file a notice of claim setting forth her negligence claim and wait for the medical malpractice prelitigation screening panel to render a decision. *See* 24 M.R.S.A. § 2903 (1990 & Pamph.1995).[3] This prelitigation screening procedure is mandatory, unless the parties agree to proceed directly with a lawsuit. *See* 24 M.R.S.A. § 2853(5).[4] In the absence of

---

petition in the Superior Court in the county, or in the District Court in the division, of the residence of any expected adverse party; and if there be more than one expected adverse party, some of whom may live in different counties or divisions, then the petition may be filed in any county or division in which an expected adverse party may reside.

**3.** 24 M.R.S.A. § 2903 (1990 & Pamph.1995) provides in relevant part:

**1. Commencement of action.** No action for *professional negligence may be commenced* until the plaintiff has:

A. Served and filed written notice of claim in accordance with section 2853;

B. Complied with the provisions of subchapter IV–A [*sections 2851–59*]; and

C. Determined that the time periods provided in section 2859 have expired.

Subsection B, by reference to sections 2851–2859, requires a potential plaintiff to go through the prelitigation screening process as a prerequisite to pursuing a malpractice claim in court.

**4.** 24 M.R.S.A. § 2853(5) (Pamph.1995) provides in relevant part:

The pretrial screening may be bypassed if all parties agree upon a resolution of the claim by lawsuit.... Both parties may agree to bypass the panel and commence a lawsuit for any reason....

such an agreement, potential plaintiffs in medical malpractice litigation are barred from pursuing their claims in court until the prelitigation screening panel has rendered a decision. Language elsewhere in the Health Security Act to the effect that a malpractice action commences with the filing of a written notice of claim, *see* 24 M.R.S.A. § 2853(1) (Pamph.1995) ("A person may commence an action for professional negligence by: ... Filing a written notice of claim...."), refers only to commencement for purposes of tolling the statute of limitations [5] and initiating discovery during the prelitigation screening process. The filing of a notice of a medical malpractice claim is not equivalent to the bringing of an action in court as that phrase is used in Rule 27.[6]

### County of filing

■ A petition to perpetuate testimony may be filed in the county of the residence of any expected adverse party. M.R.Civ.P. 27(a)(1). Powers should have filed her petition in Cumberland County, where Planned Parenthood resides, instead of Franklin County, where she resides. Recognizing that Powers filed her petition in a county in which no expected adverse party resides, Planned Parenthood contends that the Superior Court did not have jurisdiction over the petition.

The jurisdiction of a court to entertain a motion to perpetuate testimony is supported by the grounds of jurisdiction that will support the expected action when it is brought.

*Cf.* 4 James W. Moore et al., *Moore's Federal Practice* ¶ 27.03 (2d ed. 1994) (discussing F.R.Civ.P. 27). If the court in which the petition is filed would have jurisdiction over the anticipated action, that court also has jurisdiction to entertain the petition. A medical malpractice action is cognizable in the Superior Court, a statewide court of general jurisdiction. The Superior Court had jurisdiction to entertain Powers's petition.

■ Although Powers's filing of her petition in Franklin County does not create a jurisdictional defect, it does present a venue problem. On appeal, Planned Parenthood cites 14 M.R.S.A. § 501 (1980), that provides in relevant part: "Improper venue may be raised by the defendant by motion or by answer, and if it is established that the action was brought in the wrong county, it shall be dismissed and the defendant allowed double costs." Planned Parenthood argues that this statutory provision required the Superior Court to dismiss the petition.

Improper venue is an objection that can be waived. M.R.Civ.P. 12(h).[7] Improper venue is considered waived unless it is brought to the court's attention in a motion or a responsive pleading. *Id.* Planned Parenthood failed to raise improper venue in its motion to dismiss. Indeed, in that document Planned Parenthood characterized the issue of Powers's improper filing as one of subject matter jurisdiction, not venue, and never cited 14 M.R.S.A. § 501. Accordingly, Planned Parenthood waived any venue objection based on that statutory provision.[8]

**5.** This interpretation is supported by 24 M.R.S.A. § 2859 (Pamph.1995), which provides:

> The applicable statute of limitations concerning actions for professional negligence is tolled from the date upon which notice of claim is served or filed in Superior Court until 30 days following the day upon which the claimant receives notice of the findings of the panel.

**6.** The fact that we allow plaintiffs who file a complaint without complying with the notice requirement of 24 M.R.S.A. § 2903 to have the action stayed rather than dismissed does not change this result. *See Oceanside at Pine Point Condominium Owners Ass'n v. Peachtree Doors, Inc.*, 659 A.2d 267, 273 (Me.1995) (citing *Dougherty v. Oliviero*, 427 A.2d 487, 489 (Me.1981)). Just because Powers could have survived dismissal if she had filed a complaint against Planned Parenthood and ICSL without having

filed a notice of claim does not mean she should have been required to file a complaint and hence "bring an action" as that phrase is used in Rule 27.

**7.** M.R.Civ.P. 12(h)(1) provides in relevant part:

> A defense of ... improper venue ... is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

**8.** In its order denying Planned Parenthood's motion to dismiss the petition, the court also stated that Planned Parenthood and ICSL "agree (w/o prejudice) action may be maintained in Franklin County." Although Planned Parenthood and

## Verification

■ The purpose of the verification requirement generally, and in particular in petitions to perpetuate testimony, is to ensure the averring party's good faith. *See, e.g., United States ex rel. Echevarria v. Silberglitt,* 441 F.2d 225, 226–27 (2d Cir.1971); *Sheeley v. City of Santa Clara,* 215 Cal. App.2d 83, 30 Cal.Rptr. 121, 123 (1963); 4 James W. Moore et al., *Moore's Federal Practice* ¶ 27.15 (2d ed. 1994); 71 C.J.S. *Pleadings* § 359 at 762 (1951 & Supp.1995). The verification requirement is generally construed liberally. 71 C.J.S. *Pleadings* § 359 at 762.

■ Although Rule 27 requires that a petition to perpetuate testimony be verified, it does not specify the manner of verification or who may properly verify a petition. M.R.Civ.P. 27(a)(1). According to Dumas's affidavit, the petition submitted by him was based on conversations he had with Powers and her doctor. Planned Parenthood contends that because Dumas's conversations with his client and her oncologist are hearsay, they cannot be the source of personal knowledge for the purposes of verification.[9]

Planned Parenthood presumably argues by analogy from the rule, applicable to motions for a summary judgment, that affidavits in support of such motions must be based on personal knowledge and may contain only admissible evidence. M.R.Civ.P. 56(e). We do not find this argument persuasive. The purpose of verification in the context of Rule 27 and the purpose of affidavits in the context of a summary judgment motion are completely different. As noted, the purpose of verification pursuant to Rule 27 is to ensure the good faith of the petitioner. The affidavit in support of a dispositive motion for a summary judgment serves an evidentiary purpose. The fact that hearsay statements are inappropriate in the context of a motion for a summary judgment has no bearing on the requirement for verification of Rule 27 petitions.

It is clear from the record that Dumas had sufficient personal knowledge to attest to the facts set forth in the petition. In the affidavit he submitted with the petition, Dumas states that his knowledge of Powers's medical condition is based on a bedside interview with Powers herself and a conversation with her oncologist about her prognosis.[10] For purposes of M.R.Civ.P. 27, the interview with Powers and the conversation with her oncologist were sufficient to satisfy any requirement that verification of the facts attested be based on personal knowledge.

---

ICSL dispute the court's attribution of an agreement to them, the fact remains that they did not raise the venue issue in their motion to dismiss, and the court's waiver ruling was correct. The "w/o prejudice" notation is puzzling since it is so contrary to the concept of a waiver. We disregard it.

9. In support of its argument, Planned Parenthood cites two old Maine cases which hold that in order for an attorney to verify a plea in abatement, the attorney must have "positive knowledge" of the facts attested to in the plea. *See Atwood v. Higgins,* 76 Me. 423, 425 (1884); *Fogg v. Fogg,* 31 Me. 302, 304 (1850). The meaning of "positive knowledge" is uncertain. In any event, these old cases do not control the verification requirement in the context of a petition to perpetuate testimony.

10. The affidavit states:
I, Paul R. Dumas, Jr., hereby dispose [sic] and say as follows:

. . . . .

3. That on or about May 7, 1995, I was informed by Mary Powers that she had some six months to live.

4. That on Sunday, May 21, 1995, I received a telephone call at my home from Mary L. Powers informing me that her prognosis had changed and that she did not have long to live.
5. That on Monday, May 22, 1995, I traveled to Portland to interview Mary L. Powers with regard to her condition.
6. That on Monday, May 22, 1995, I took a recorded statement from Mary L. Powers through an official court reporter.
7. That, at 12:20 p.m., Monday, May 22, 1995, I spoke with Doctor Gary Smith, Mary's treating oncologist, and was informed that Mary Powers has less than two months to live. The doctor further informed me that he did not know how long Mary L. Powers will remain competent, but that he expects her to deteriorate over the two month period.

. . . . .

12. The foregoing statements are true, based upon knowledge, information and belief and, so far as based on information and belief, I believe them to be true.

*Lack of notice*

M.R.Civ.P. 27(a)(2) requires that twenty days prior to a hearing on the petition a petitioner serve a notice and a copy of the petition on all expected adverse parties that petitioner will apply to the court for an order permitting perpetuation of testimony. Planned Parenthood did not receive any advance notice that Dumas intended to petition the court, and it did not receive a copy of the petition until the day *after* Dumas met with the court to discuss the petition and obtained the court's approval of the petition.

Our analysis of the notice issue must be informed by the particular facts of this case and the overall purpose of our rules of civil procedure "to secure the just, speedy and inexpensive determination of every action." M.R.Civ.P. 1.[11] Although we find it troubling that Dumas did not notify Planned Parenthood or the other expected adverse parties of his intention to file a petition to perpetuate Powers's testimony or that he would be appearing before the court *ex parte* to discuss the petition, we conclude on the unusual facts of this case that the failure to provide the notice required by Rule 27 did not require denial of the petition. We note these significant facts. Dumas did not learn of the gravity of Mary Powers's medical situation until May 21. On May 22, his secretary called Planned Parenthood and told its director of special projects that Powers was critically ill and that Dumas desired to take a video deposition of her before her death for use in a possible negligence action. The court was adamant about giving the expected adverse parties, including Planned Parenthood, *at least* seven days' notice of the deposition itself. Planned Parenthood received a copy of the petition on May 25, just three days after the initial phone call from Dumas and twelve days before the deposition was actually held. A hearing was held on Planned Parenthood's motion to dismiss the petition prior to the deposition and all of the issues presently on appeal were aired. Finally, Powers was gravely ill and did, in fact, die nine days after the deposition was taken.[12]

The entry is:

Order affirmed.

All concurring.

---

**11.** No federal court has ever answered the question of whether the twenty-day notice requirement in F.R.Civ.P. 27 is mandatory or may be relaxed for reasons other than the failure of the petitioner to effectuate service despite due diligence. The cases dealing with F.R.Civ.P. 27 primarily have been concerned with the requirements of subsection (a)(1). Specifically, the issues of a petitioner's inability to bring suit and the true purpose of the petition (to obtain discovery or to perpetuate testimony) have figured prominently in the Rule 27 cases. *See, e.g., Application of Carson,* 22 F.R.D. 64 (E.D.Ill.1957); *Petition of Exstein,* 3 F.R.D. 242 (S.D.N.Y.1942). In the only case we could find on the issue of notice, *In re Sims,* 389 F.2d 148 (5th Cir.1967), the court specifically declined to address whether the twenty-day notice period could be shortened and decided the case on other grounds. *In re Sims,* 389 F.2d at 150.

**12.** We recognize that Planned Parenthood was put in the difficult position of having to persuade the court to change a decision already made because of the failure to provide it any advance notice of the hearing. On the unique facts of this case, however, the only proper outcome was to permit the deposition to go forward on an expedited basis.