NO. 12-02-00103-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




§
 

IN RE: RICHARD W. WAGNER, M.D.

AND EULOGIO BONSUKAN, M.D.,

RELATORS
§
 ORIGINAL PROCEEDING



§
 






 

 Relators, Richard W. Wagner, M.D. and Eulogio Bonsukan, M.D., (collectively "Relators")
bring this petition for writ of mandamus complaining of the trial court's order directing them to
appear for deposition pursuant to Rule 202.1(b) of the Texas Rules of Civil Procedure. For the
reasons stated below, we deny the petition.


Background 


 On August 7, 2001, Raymond Paul Stanley, Individually and as Executor of the Estate of
Johnnie B. Stanley, Donna Stanley and Kirk Stanley (the "Stanleys") filed a medical malpractice suit
alleging that Relators (1) were negligent in their care and treatment of Johnnie B. Stanley. The Stanleys
are the heirs and children of Johnnie B. Stanley. The Stanleys alleged that on July 18, 2000, Johnnie
Stanley presented herself at East Texas Medical Center Jacksonville for a right upper lung lobectomy
due to bronchiogenic carcinoma. They contended that during the surgery, pulmonary artery bleeding
developed, resulting from Relators' negligence, which necessitated a right pneumonectomy. Further,
the Stanleys alleged that the right pneumonectomy was performed in spite of the advice of Johnnie
Stanley's consulting physician that she could not tolerate a pneumonectomy. Following the
procedure, Johnnie Stanely developed deep vein thrombosis and pulmonary emboli and subsequently
died on July 25, 2000.

 On January 24, 2002, the Stanleys nonsuited their claim against Relators. On March 6, 2002,
the Stanleys filed a Verified Petition to Perpetuate Testimony (the "petition") pursuant to Rule
202.1(b) of the Texas Rules of Civil Procedure. (2) In their petition, the Stanleys seek permission to
depose Relators to investigate a potential claim for the injuries and death of Johnnie B. Stanley with
the expectation they would elicit testimony regarding the anticipated lawsuit, specifically, details
regarding the medical treatment rendered to Johnnie B. Stanley, the events that occurred during the
surgery and the medical treatment following surgery. On April 3, the trial court held a hearing on
the petition at which only argument of counsel was presented in support of the petition. On April
11, 2002, the trial court granted the petition and ordered that Relators appear for deposition. The
depositions of Relators are scheduled for April 16, 2002.

 On April 11, 2002, Relators filed a petition for writ of mandamus and an emergency motion
for temporary relief in this court. In their petition, Relators ask that this court order the trial court
to vacate its order granting the Stanleys' petition.


Standard of Review 


 A writ of mandamus will issue "only to correct a clear abuse of discretion or the violation
of a duty imposed by law when there is no other adequate remedy by law." Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). "A trial court clearly abuses its discretion if 'it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" Id. (quoting
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)). Further, "[a] trial court
has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear
failure to analyze or apply the law correctly will constitute an abuse of discretion, and may result in
appellate reversal by extraordinary writ." Id. at 840.


Relator's Contentions


 In their petition, Relators present five arguments (3) to show that the trial court abused its
discretion in ordering depositions under Rule 202. We address each of these arguments below.

Failure to Present Evidence

 Relators argue that because the Stanleys did not present any testimony or evidence in support
of their petition, the trial court erred in granting the petition. Relators, however, fail to cite authority
to support such a contention. Tex. R. App. P. 38.1(h). In addition, Rule 202, by its terms, does not
require that testimony or evidence be presented at a hearing on a Rule 202 petition. Instead, the Rule
requires a verified petition, such as we have in this case, that contains those items set forth in the
Rule. Accordingly, we reject Relators' contention in this regard.

Inequitable Use of Rule 202 

 Relators contend that the trial court's order is inequitable because the Stanleys have
previously filed suit, and therefore, they are using Rule 202 to conduct discovery, not to investigate
a potential claim as they allege. As support for this contention, Relators cite comment two to Rule
202 which states that "[t]he bill of discovery procedure, which Rule 202 incorporates, is equitable
in nature, and a court must not permit it to be used inequitably." Tex. R. Civ. P. 202, cmt. 2. While
it is true that courts must not permit Rule 202 to be used inequitably, we cannot conclude that the
trial court has allowed the Rule to be utilized in such a manner in this case. The Stanleys nonsuited
their claim against Relators prior to the filing of the petition. While it could be argued that the
Stanleys are now attempting to conduct discovery, the fact remains that there is presently no lawsuit
involving the parties and the Stanleys have represented to the trial court their desire to depose
Relators to investigate a potential claim. Under these circumstances, we refuse to hold that the trial
court acted inequitably by ordering the depositions at issue.

The Prior Lawsuit

 Relators assert that relief under Rule 202 is foreclosed because the Stanleys previously filed
and then nonsuited a claim involving the same facts which they now allege need to be investigated. 
According to Relators, the purpose of Rule 202 is circumvented when a party, after filing suit, fails
to utilize the discovery available to him under the Texas Rules of Civil Procedure and chooses
instead to nonsuit that claim.

 To support their contention that relief under Rule 202 is foreclosed, Relators cite Shore v.
Acands, Inc., 644 F.2d 386 (5th Cir. 1981). We find Shore distinguishable from the instant case. 
Shore concerned an application Rule 27 of the Federal Rules of Civil Procedure. While we
acknowledge that Rule 202 is similar to Rule 27, Rule 202, by its terms, provides for the
investigation of a potential claim, while Rule 27 does not. Further, the procedural posture in Shore
did not involve a situation where a party had previously nonsuited a claim. In that case, Shore, the
plaintiff, filed suit and a month later sought to perpetuate his deposition testimony under Rule 27. 
 Mandamus is only appropriate where the trial court has acted arbitrarily or unreasonably. 
Walker, 827 S.W.2d at 839. As noted above, because the Stanleys have nonsuited their claim
against Relators, there is presently no claim pending against Relators. While we acknowledge that
defending a lawsuit that is subsequently nonsuited (4) and then defending a deposition noticed under
Rule 202 may appear somewhat unfair, we cannot say, in light of the language of the rule and the
absence of authority compelling a contrary decision, that the trial court's decision was unreasonable. 
Texas Rule of Civil Procedure 13

 Relators argue that by filing the prior suit, the Stanleys certified, under Rule 13 of the Texas
Rules of Civil Procedure, (5) that they made a reasonable inquiry into their claim. Relators further
argue that now the Stanleys have made a contradictory allegation that they need to investigate a
potential suit. They contend that the trial court abused its discretion because, "as a matter of law,"
relief under Rule 202 "is not available once a petitioner had filed suit against the parties from whom
he then seeks pre-suit discovery." We agree with Relator's assertion that when a party files suit, that
party represents that they have made reasonable inquiry into the claim. We disagree, however, with
Relators' assertion that relief under Rule 202 is barred "as a matter of law" once a lawsuit is filed.
The authority cited by Relators simply does not lead to such a conclusion and we decline to hold that
the trial court abused its discretion in the absence of any clear authority on this issue. We note that
the trial court could reasonably conclude that it is better to nonsuit a claim if one is concerned about
the merits of the claim and then seek pre-suit discovery to resolve those doubts than it is to continue
to pursue a groundless claim.

Medical Liability and Insurance Improvement Act 

 Finally, Relators assert that at the hearing on the petition, counsel for the Stanleys argued that
the requested depositions were necessary in order for the Stanleys to comply with the requirements
of the Medical Liability and Insurance Improvement Act, which requires a plaintiff to produce an
expert report detailing their criticisms of the defendant's care within 180 days of filing a medical
malpractice claim. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01 (Vernon Supp. 2002). According
to Relators, deposing potential defendants to meet the deadlines imposed by article 4590i for filing
an expert report is not a basis for relief under Rule 202. The trial court could have reasonably
determined that it would be unfair to prevent the Stanleys from taking the depositions at issue if the
depositions could lead to the filing of a timely, adequate expert report.

 Nothing in article 4590i itself appears to preclude the nonsuit of a claim and then pre-suit
discovery; nor does it require that the plaintiff file an expert report prior to a defendant being
deposed. We note that subsection (n) of article 4590i provides for the refiling of a claim if a
claimant nonsuits a claim prior to filing a cost bond. Tex. Rev. Civ. Stat. Ann. art. 4590i, §
13.01(n) (Vernon Supp. 2002). Accordingly, we hold that the reason the Stanleys gave at the hearing
for seeking the depositions does not preclude them from obtaining relief under Rule 202. 




 



Conclusion 


 Based on the foregoing, we conclude that the trial court did not abuse its discretion when it
ordered depositions pursuant to Rule 202 and we overrule both of Relators' issues. Accordingly,
Relators' petition for writ of mandamus and emergency motion for temporary relief are denied.


 SAM GRIFFITH 

 Justice



Opinion delivered April 12, 2002.

Panel consisted of Worthen, J., and Griffith, J.

Davis, C.J., not participating.












(DO NOT PUBLISH)













 




1. The Stanleys also filed suit against Lawrence Cunningham, M.D. and Barry Thibodeaux, CRNA. 
However, Cunningham and Thibodeux have not joined in the petition for writ of mandamus that is presently before
us.
2. Rule 202.1(b) provides:

 

 202.1 Generally. A person may petition the court for an order authorizing the taking of a deposition on
oral examination or written questions. . .:

 . . . . 


 (B) to investigate a potential claim or suit. 


 
3. Relators present these arguments in two issues.
4. We note that Relators contend that the Stanleys failed to conduct discovery while the lawsuit was pending. 
Thus, the extent to which Relators were required to defend the prior lawsuit appears to be less than it could have
been.
5. Rule 13 states:

 The signatures of attorneys or parties constitute a certificate by them that they have read the
pleading. . .that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument
is not groundless. . . .